UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (NO.VI) | §<br>§ Civil Action No. MDL 875 |

This Document Relates To:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| BARBARA ANNE ANDERSON,<br>     Plaintiff,<br><br>v.<br><br>ALFA LAVAL, INC., et al.<br>     Defendants. | §<br>§<br>§<br>§<br>§ Civil Action No. 3:07-CV-00068-HEH<br>§<br>§<br>§ |

## BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COMES NOW the Defendants, Bondex International, Inc., RPM, Inc. and RPM, International, Inc., (collectively, for purposes of this brief only, "Bondex"), by counsel, pursuant to the scheduling order entered herein and Rule 56 of the Federal Rules of Civil Procedure and for their Brief in Support of Summary Judgment state as follows:

### BACKGROUND AND UNDISPUTED FACTS FOR PURPOSE OF THIS MOTION

This lawsuit arises out of a claim for personal injuries allegedly suffered by the Plaintiff, Barbara Anderson, as the result of alleged exposure to and inhalation of asbestos dust and fibers from her father's clothing as the result of his work at Norfolk

1

Naval Shipyard in Portsmouth, Virginia.[1]  See Complaint paragraphs 1 and 2.  On or about October 26, 2006, the Plaintiff filed her Complaint herein.  In paragraph 10 of that Complaint, Plaintiff asserted the following:

> 10.   Plaintiff disclaims any cause of action or recovery for any injuries caused by any exposure to asbestos dust that occurred in a federal enclave.  Plaintiff also disclaims any cause of action or recovery for any injuries resulting from any exposure to asbestos dust caused by any acts or omissions of a Defendant committed at the direction of an officer of the United States Government.

On January 10 and 11, 2007, the Plaintiff was deposed in Morrisville, North Carolina.  During the course of those depositions, Ms. Anderson described her work history which included employment as a civil servant between 1962 and 1980 at various federal facilities in the Hampton Roads area of Virginia and from 1980 to 1985 at an office in Washington, D.C.  See Deposition of Barbara Anderson, Vol. I, 1/10/07, pp.102-119, attached as **Exhibit 2**.  With regard to the work in Washington, D. C., Ms. Anderson did not recall any construction work or equipment maintenance occurring in her office building during her time working there.  Id. at p. 119.  Despite the lack of any allegations in her Complaint of asbestos exposure at work, during the course of her depositions, Ms. Anderson testified that she believed she was exposed to asbestos dust from joint compound that was used during the construction of partitions at various office locations in which she worked during her career as a civil servant.  Id. at pp.151-172.  Ms. Anderson testified that she recalled Bondex as being one of the names of the joint compounds which she saw being used.  Id. at pp. 156-157.  In response to Requests for Admissions, Ms. Anderson has admitted that her claims against Bondex are limited

---

[1] Plaintiff's Complaint refers to her father's work at "Portsmouth" Naval Shipyard in Portsmouth, Virginia but this is an error.  The shipyard in Portsmouth, Virginia, is known as Norfolk Naval Shipyard. See http://www.nnsy1.navy.mil/History/HISTORY.HTM; attached as **Exhibit 1**

to the time periods during which she worked as a civil servant and to the premises where she worked as a civil servant. She is not claiming alleged asbestos exposure to any product allegedly manufactured by Bondex from her personal use of such product or related to her father's employment at the Norfolk Naval Shipyard. See Plaintiff's Response to Defendants' First Set of Requests for Admissions (for each defendant) attached as **Exhibit 3**.[2] In other words, Mrs. Anderson merely alleges bystander exposure to asbestos containing products while working in federal office buildings as a white collar civil servant.

Of the twelve locations that the Plaintiff testified in her deposition to working at during the course of her time as a civil servant, nine are federal enclaves and two have not been subject to determination within a reasonable degree of certainty. See Affidavit of Douglas Carson, 3/12/07, attached as **Exhibit 4;** also see Notice of Removal. The office building where Ms. Anderson allegedly worked between 1980 and 1985 was not searched since she did not recall any construction activities occurring there. Anderson, Vol. I, 1/10/07, p.119 L 4-20. Furthermore, Ms. Anderson was unable to testify as to the particular location at which any of the construction activity described in her depositions occurred. Anderson, Vol. I, 1/10/07, p.106 L17-22; p. 107 L4-11; see also Deposition of Barbara Anderson, Vol. II, 1/11/07, p. 205 L 9 to p. 206 L15, attached as **Exhibit 5**. Finally, Ms. Anderson is unable to say whether any particular brand of joint compound

---

[2] The Requests for Admissions from each of the 3 companies were identical except for reference to the name of the Defendant. Plaintiff's responses to the individual Requests for Admission from each of the 3 companies are identical for each as well. Apparently due to an oversight, in Plaintiff's response to the Bondex International requests, Plaintiff incorrectly printed the name RPM in the request when, in fact, the actual Request propounded referenced Bondex. RPM and RPM Intl were both abbreviated as "RPM" in the propounded Requests. In her Complaint, Plaintiff states that RPM, Inc is being sued individually and as successor in interest to Bondex and that RPM Intl. is being sued individually and as successor in interest to RPM, Inc. Defendants do not believe there is any dispute that Plaintiff's claims against them are derivative in nature such that Plaintiff's claim of exposure to a joint compound named "Bondex" pertains to all three defendants.

was used at any of her locations of employment since she could not state at which specific site any particular one of the three brands of joint compound that she remembered were used. Id. at, p 221 L 18 to p. 224 L1.

## APPLICABLE LAW

This lawsuit was removed from state to this court on the basis of federal question jurisdiction. Causes of action arising on federal enclaves "arise under" Art. I. § 8, cl. 17 of the U. S. Constitution and are thus removable as "federal question" cases pursuant to 28 U. S. C. § 1441(b). Mater v Holley, 200 F.2d 123 (5th Cir. 1952). The voluntary cession of land by a state to the federal government involves an actual transfer of sovereignty. Accordingly, the applicable law in the federal enclave is that of the new sovereign, plus any law of the old sovereign as it existed at the time of cession, provided such old laws do not conflict with the laws of the new sovereign. James Stewart Co. v Sadrakula, 309 U. S. 94, 99-100, 60 S. Ct. 431, 433-434, 84 L.Ed. 596 (1940); see also Stokes v Adair, 265 F.2d 662 (4th Cir. 1959). Congress may act, however, to keep the law in the federal enclave current with that of the state. Id. In the case of claims for personal injuries or wrongful death in places subject to the exclusive jurisdiction of the United States, Congress has taken such action in the National Parks Act. See 16 U.S. C. § 457. Under that statute, "in any action brought to recover on account of injuries sustained in [the federal enclave] the rights of the parties shall be governed by the laws of the State within the exterior boundaries of which [the enclave] may be."

4

In the case of Ms. Anderson's alleged exposure to joint compound allegedly containing asbestos from construction work in federal enclaves where she worked as a civil servant, the buildings in question, where her testimony can be construed as alleging that construction took place, are all located within the boundaries of the Commonwealth of Virginia. Therefore, the applicable law governing her claim is that of the state of Virginia.

## **PLAINTIFF HAS WAIVED ALL CLAIMS ARISING IN A FEDERAL ENCLAVE**

The Plaintiff's disclaimer in Paragraph 10 of her Complaint is both valid and binding under Virginia law. A waiver is "the voluntary, intentional abandonment of a known legal right, advantage or privilege." Baumann v. Capozio, 269 Va. 356, 360, 611 S.E.2d 597, 599 (2005) (quoting Fox v. Deese, 234 Va. 412, 425, 362 S.E.2d 699, 707 (1987). Essential elements of a waiver are knowledge of the facts basic to the exercise of the right and the intent to relinquish that right. Id.

In the case at bar, Plaintiff intentionally and unequivocally disclaimed any and all causes of action and any recovery for injuries caused by any exposure to asbestos dust which occurred while she was on a federal enclave. Plaintiff's rationale for asserting that waiver is known to her and her attorneys. Plaintiff and her counsel were in the best position to know at the time the Complaint was filed that Ms. Anderson worked in federal buildings that might constitute federal enclaves, but the decision was made, for whatever reason, to waive those claims and to waive any recovery for any claims that might arise from exposure in a federal enclave. It is clear from Plaintiff's deposition testimony and her counsel's questioning of her at her deposition on January 10, 2007,

that both she and her counsel were aware of her alleged exposure at the federal buildings that were located on various military establishments. It cannot be seriously argued that the waiver of Plaintiff's legal right to assert a cause of action for exposure to asbestos allegedly contained in joint compound allegedly used at federal buildings where she worked was not an intentional and voluntary act.

## SUMMARY JUDGMENT IN FAVOR OF DEFENDANTS IS APPROPRIATE

Under Rule 56(c), summary judgment is proper if the pleadings, the discovery, and disclosure materials on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. F.R.C.P. 56(c).

> ... [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex Corporation v. Catrett, 477 U.S. 317, 322-323 (1986) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)).

Plaintiff has disclaimed all recovery and claims for any exposure to asbestos on a federal enclave. Therefore, it is appropriate to grant Bondex summary judgment for all alleged exposures that occurred on a federal enclave. Defendants' evidence

establishes that seven of the ten sites at which Ms. Anderson worked are federal enclaves, and there is a lack of evidence of any exposure at the remaining three.

With regard to the remaining three sites, Ms. Anderson has testified that she cannot say whether the construction activity she remembers occurring over the years actually occurred at any of those sites. Therefore, the trier of fact would be left to speculate as to whether any construction activity even occurred at those sites. Furthermore, Ms. Anderson is unable to say whether any Bondex joint compound was used at any of these three sites since she cannot state at which specific site any particular one of the three brands of joint compound that she remembered were used. Deposition of Barbara Anderson, 1/10/07, p 221 L 18 to p. 224 L1. Again, the trier of fact would be left to speculate as to whether Ms. Anderson suffered any exposure to Bondex joint compound at any of these sites. As a threshold matter, Plaintiff's must show that she was exposed to a product manufactured by Defendants. She cannot do this at these three sites and summary judgment is appropriate relating to these sites as well.

## CONCLUSION

For all of the aforementioned reasons, Defendants respectfully request that this Court enter an Order granting their Motion for Summary Judgment and dismissing this case with prejudice.

BONXEX INTERNATIONAL, INC.,
RPM, INC. AND RPM, INTERNATIONAL, INC.

By: _____/s/_____

Timothy S. Brunick, Esquire
VSB No. 35783
Kira A. Ligato, Esquire
VSB No. 51055
CLARKE, DOLPH, RAPAPORT, HULL,
BRUNICK & GARRIOTT, P.L.C.
6160 Kempsville Circle, Suite 101A
Norfolk, VA 23502
(757) 466-0464
(757) 466-0834 Facsimile

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing has been filed with the Court electronically and on all known counsel of record on this 21st day of May, 2009.

_____/s/_____
Timothy S. Brunick