IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BARBARA ANNE ANDERSON, )
Plaintiff, )
v. ) Civil Case No.3:07-cv-00068-HEH
ALFA LAVAL, INC., et al. )
Defendants. )

**AFFIDAVIT OF DOUGLAS CARSON**

NOW COMES, Douglas Carson, being duly sworn, and hereby deposes and says:

1. My name is Douglas Carson. I am over the age of 18 and competent to be a witness.

2. I am the President of Independent Title Services, Inc. located in Chesapeake, Virginia. I have been a licensed title insurance agent and have been continuously since 1988. I am familiar with the land records system in the Commonwealth of Virginia. Over the years, I have searched thousands of titles in Virginia. Title insurance companies and lenders regularly rely upon my title reports.

3. I am aware that mere ownership of land by the United States does not automatically confer exclusive federal enclave jurisdiction, and that the nature and extent of the federal jurisdiction is dependent upon the consent of the Commonwealth of Virginia.

4. I have performed a search of the land records for the City of Virginia Beach and the City of Norfolk regarding certain acquisition of land by the United States Government. I have located and obtained certified copies of various Deeds of Cession filed with the Clerk and recorded in the land records of the aforesaid Cities. I have

acquired relevant information from the Tax Assessor's Office for the City of Virginia Beach and the City of Norfolk. I have additionally acquired relevant information from the Office of Planning and Public Works for the City of Norfolk.

5. It is my understanding that Barbara Anderson is the plaintiff in the above-styled case, and that she has provided her pertinent work history as follows:

a. Headquarters – 5th Naval Dist. USN
Norfolk, Virginia Naval Base
1962-1963

b. NAS Oceana USN
Virginia Beach, Virginia – Training Center USN
1963-67

c. Dam Neck Training
Virginia Beach, Virginia – Training Center USN
1967-70

d. Public Health Hospital
Hampton Boulevard
Norfolk, Virginia
1970-74

e. Naval Air Station USN
Norfolk, Virginia
1974-1975

f. Human Resources Management Center – USN
Financial Office
Tidewater Drive
1975-76

g. CINC – Atlantic USN
Account Branch
Norfolk, Virginia
1976

h. Naval Station USN
Staff – Civil Engineer Department
Norfolk, Virginia
1976-78

i. Atlantic Fleet Headquarters Support
Financial Office

Norfolk, Virginia
1978-80

6. It is my opinion to a reasonable degree of certainty that during the time period referenced in the preceding paragraph, Barbara Anderson worked on exclusive federal enclaves at the following locations:

a. Headquarters – 5th Naval Dist. USN
Norfolk, Virginia Naval Base
1962-1963

b. NAS Oceana USN
Virginia Beach, Virginia – Training Center USN
1963-67

c. Public Health Hospital
Hampton Boulevard
Norfolk, Virginia
1970-74

d. Naval Air Station USN
Norfolk, Virginia
1974-1975

e. CINC – Atlantic USN
Account Branch
Norfolk, Virginia
1976

f. Naval Station USN
Staff – Civil Engineer Department
Norfolk, Virginia
1976-78

g. Atlantic Fleet Headquarters Support
Financial Office
Norfolk, Virginia
1978-80

7. I was unable to determine, to a reasonable degree of certainty, whether Barbara Anderson worked on exclusive federal enclaves at the following locations:

a. Dam Neck Training
Virginia Beach, Virginia – Training Center USN

1967-70

b. Human Resources Management Center – USN
Financial Office
Tidewater Drive
1975-76

8. I base my opinion upon my experience and training, including nineteen (19) years of title insurance work, my personal knowledge of the Naval facilities located in Virginia Beach and Norfolk, a review of the plaintiff's work history and my extensive review of the following Deeds of Cession attached hereto and incorporated herein:

A. Deed of Cession recorded among the land records for the City of Norfolk, Virginia at Deed Book 712, Pages 235-238;

B. Deed of Cession recorded among the land records for the City of Norfolk, Virginia at Deed Book 417, Pages 282-284;

C. Deed of Cession recorded among the land records for the City of Virginia Beach[1], Virginia at Deed Book 295, Pages 495-497;

D. Deed of Cession recorded among the land records for the City of Virginia Beach, Virginia at Deed Book 221, Pages 85-86;

E. Deed of Cession recorded among the land records for the City of Virginia Beach, Virginia at Deed Book 214, Pages 347-348;

F. Four Deeds of Cession recorded among the land records for the City of Virginia Beach, Virginia at Deed Book 215, Pages 178-186;

G. Deed of Cession recorded among the land records for the City of Virginia Beach, Virginia at Deed Book 213, Pages 440-442.

9. All of the above-mentioned opinions are held to a reasonable degree of certainty.

Douglas Carson

STATE OF VIRGINIA
CITY/COUNTY OF Suffolk - TO WIT:

I hereby certify that Douglas Carson, being duly sworn, did subscribe his name to the foregoing Affidavit, stating that the information contained therein is true and correct to the best of his knowledge, on this 12th day of March 2007.

Notary Public

Commission expires: 4-30-09

[1]Please note that Princess Anne County merged with the City of Virginia Beach on 1/1/63.

*VIRGINIA:*

*In the Clerk's Office of the Corporation Court of the City of Norfolk, on the 28th day of November 1955 at 11:25 A.M.*

*This ~~Deed~~ Power of attorney was this day received and upon certificate ________ of acknowledgment, thereto annexed, admitted to record.*

*TESTE: W. L. PRIEUR, Jr., Clerk*

*By [signature] D. C.*

DB 712
Pg 235

11399

DEED OF CESSION

KNOW ALL MEN BY THESE PRESENTS, THAT WHEREAS, the United States has acquired by the institution of condemnation proceedings and now holds title to the hereinafter described lands within the limits of the Commonwealth of Virginia for use in connection with the expansion of the Naval Operating Base, Norfolk, Virginia; and

WHEREAS, with respect to such lands, the United States does not desire to accept any of the jurisdiction and powers ceded by sections 19, 19a, or 19b of the Code of Virginia, but desires to acquire exclusive jurisdiction over the same; and

WHEREAS, under the provisions of the Code of Virginia as amended by the Act of the General Assembly of Virginia approved April 1, 1940 (Acts of Assembly, 1940, c. 422, p. 761), the Governor and Attorney General of the Commonwealth of Virginia, upon application made to them in writing on behalf of the United States for that purpose, are authorized on the part of the Commonwealth to cede to the United States jurisdiction over such lands; and

WHEREAS, application has been made in writing on behalf of the United States of America for such cession:

NOW, THEREFORE, WE, Colgate W. Darden, Jr., and Abram P. Staples, as Governor and Attorney General, respectively, of the Commonwealth of Virginia, in the name of and on behalf of the Commonwealth of Virginia, and in accordance with the laws of said Commonwealth, do hereby cede unto the United States of America exclusive jurisdiction over that tract of land acquired by the United States for use in connection with the expansion of the Naval Operating Base, Norfolk, Virginia, more particularly described as follows:

> Beginning at a concrete monument at the intersection of the U.S. Maritime Commission Railroad right of way line and the Westerly right of way line of the Virginian Railway Company, thence along the Westerly right of way line of the Virginian Railway Company North 49° 44' West 6653.16 feet, more or less, to a point of curve where the South line of the Norfolk and Portsmouth Belt Line Railroad Company's right of way intersects the Westerly right of way line of the Virginian Railway Company; thence along said curve in a Southwesterly direction 456.8 feet, more or less; thence along the South right of way line of the Norfolk and Portsmouth Belt Line Railroad Company South 85° 58' West, 1954.4 feet, more or less, to a point in about the center of Bough Creek; thence continuing along a line about in the center of Bough Creek South 42° 54' West,

235

A

[illegible] to a point [illegible] thence continuing along a line about in the center of Boush Creek [illegible] of Boush Creek which [illegible] Northeasterly property line of the present naval reservation on the east side of Hampton [illegible]; thence continuing along a line about in the center of Boush Creek which also is the property line of the said naval reservation South 79° [illegible] East, [illegible] feet, more or less, to a point about in the center of Boush Creek; thence continuing along a line about in the center of Boush Creek which also is an Easterly property course of the said naval reservation South 26° 46' East, 1192.[illegible] feet, more or less, to a point about in the center of Boush Creek; thence continuing along a line about in the center of Boush Creek, which also is one of the Easterly property courses of the said naval reservation South 8° 47' West, 369.85 feet, more or less, to a point about in the center of Boush Creek; thence continuing along a line about in the center of Boush Creek, which also is one of the Easterly property courses of the said naval reservation South 25° 44' West, 133.75 feet, more or less, to a point about in the center of Boush Creek; thence continuing along a line about in the center of Boush Creek, which also is one of the Easterly property courses of said naval reservation South 1° 58' West, 168.78 feet, more or less; thence continuing along the property line of the said naval reservation South 28° 51' East, 339.97 feet, more or less; thence continuing along the property line of the said naval reservation South 50° 42' West, 156.42 feet, more or less; thence continuing along the property line of the said naval reservation South 54° 3' East, 89.15 feet, more or less; thence continuing along the property line of the said naval reservation South 37° 46' West, 86.40 feet, more or less, thence continuing along the property line of the said naval reservation South 51° 35' East, 276.83 feet, more or less; thence continuing along the property line of the said naval reservation South 22° 11' West, 36.57 feet, more or less; thence continuing along the Northerly right of way line of the U.S. Maritime Commission Railroad, South 58° 14' East, [illegible].31 feet, more or less; thence continuing along a curved line of the Northerly railroad right of way line of the United States Maritime Commission 212.15 feet, more or less; thence continuing along the Northerly railroad right of way line of the U.S. Maritime Commission North 82°21' East, 1404.68 feet, more or less; thence continuing along the Northwesterly railroad right of way line of the U.S. Maritime Commission North 24° 6' East, 54.33 feet, more or less; thence continuing along the railroad right of way line of the U.S. Maritime Commission North 65° 1' 30" West, 7.22 feet, more or less; thence continuing along the Northerly railroad right of way line of the U.S. Maritime Commission North 82° 21' East, 3083.7 feet, more or less; thence continuing along the said railroad right of way line South 6° 23' East, 75.03 feet, more or less; thence continuing along the railroad right of way line of the U.S. Maritime Commission North 82° 21' East, 269 feet, more or less, to a point of curve in the railroad right of way line of the U.S. Maritime Commission; thence continuing along said curve 799.8 feet, more or less; thence North 49° 46' East, 29.50 feet, more or less, to the point of beginning, containing 508.38 acres of land, more or less.

PROVIDED, That the Commonwealth of Virginia shall retain jurisdiction concurrent with the United States, so far that all process, civil and criminal, issuing under the authority of the Commonwealth may be executed


  by the proper officers thereof upon any person amenable to the same within the limits of the above described tract of land, and provided further, in the event that the said lands or any part thereof shall be sold or leased to any private individual, or any association or corporation, under the terms of which sale or lease the vendee or lessee shall have the right to conduct thereon any private industry or business, then the jurisdiction ceded to the United States over any such lands so sold or leased shall cease and determine, and thereafter the Commonwealth of Virginia shall have all jurisdiction and power it would have had if no jurisdiction or power had been ceded to the United States. This provision, however, shall not apply to post exchanges, officers' clubs, and similar activities on said land.

Pursuant to and in accordance with the provisions of section 355 of the Revised Statutes of the United States, as amended by the act approved October 9, 1940 (54 Stat. 1083), James Forrestal, Acting Secretary of the Navy, on behalf of the United States of America, does hereby accept the jurisdiction herein above ceded to the United States as is evidenced by his execution and acknowledgment of this instrument.

IN TESTIMONY WHEREOF, pursuant to the authority conferred upon them by said section 19c of the Code of Virginia, Colgate W. Darden, Jr., Governor of the Commonwealth of Virginia, and Abram P. Staples, Attorney General of said Commonwealth, have hereunto set their hands and caused the seal of the Commonwealth of Virginia to be affixed and attested by the Secretary of the Commonwealth, and the said James Forrestal, Acting Secretary of the Navy, pursuant to authority conferred by section 355 of the Revised Statutes of the United States, as amended by the act approved October 9, 1940 (54 Stat. 1083), has hereunto set his hand and seal.

4

May 6 - 1942

Colgate W. Darden Jr.
Governor of Virginia

Abram P. Staples
Attorney General of Virginia

James Forrestal (SEAL)
Acting Secretary of the Navy

COMMONWEALTH OF VIRGINIA )
} TO-WIT
CITY OF RICHMOND }

I, Martha Bunn Hill, a Notary Public in and for the city of Richmond, in the Commonwealth of Virginia, do hereby certify that Colgate W. Darden, Jr., and Abram P. Staples, whose names are signed to the foregoing writing bearing date on the 6th day of May, 1942, as Governor and Attorney General, respectively, of the Commonwealth of Vir-

837



Notary Public

My commission expires

UNITED STATES OF AMERICA )
) SS
DISTRICT OF COLUMBIA )

I, [signature] a Notary Public in and for the District of Columbia, do hereby certify that James Forrestal, whose name is signed to the foregoing writing bearing date on the 25 day of May, 1942, as Acting Secretary of the Navy, has acknowledged the same before me in my District aforesaid.

Given under my hand this 25 day of May, 1942.

[signature]
Notary Public

My commission expires

*VIRGINIA:*

*In the Clerk's Office of the Corporation Court of the City of Norfolk, on the 28th day of November 1955 at 11:30 A M.*

*This Deed was this day received and upon certificate of acknowledgment, thereto annexed, admitted to record.*

*TESTE: W. L. PRIEUR, Jr., Clerk*

*By [signature] D. C.*

11400

THIS DEED, Made this, the 15th day of November, 1955, between PLAZA REALTY COMPANY, INCORPORATED, a Virginia Corporation, with its principal office located in the City of Norfolk, Virginia, party of the first part, and ROBERT C. NUSBAUM, Trustee, party of the second part.

WITNESSETH:

That the said party of the first part does grant unto the said Trustee the following property, to wit:

> All those certain lots, pieces or parcels of land situated in the City of Norfolk, Virginia, known, numbered and designated as Lots Nos. 1 and 2 in Block 3 on the plat of Woodland, the subdivision into Lots of the Metropolitan Land Company recorded in the Clerk's Office of the Circuit Court of Norfolk County, Virginia, in Map Book 4, pages 26 and 27 and bounded and described as follows, to wit:
>
> Beginning at the Southeastern intersection of Elmwood Avenue and 18th Street; thence Easterly along the Southern side of 18th Street One Hundred (100) feet; thence Southerly and parallel with Elmwood Avenue Fifty (50) feet; thence Westwardly and at right angles with the said Elmwood Avenue, One Hundred (100) feet to the Eastern side of Elmwood Avenue; thence Northerly along the Eastern side of Elmwood Avenue Fifty (50) feet to the point of beginning; being the same property conveyed to the party of the first part by Deed of [illegible], Executrix, of even date herewith and to be simultaneously recorded, this Deed being given to secure a part of the purchase price and as a part of one and the same transaction.

IN TRUST to secure the sum of Four Thousand, Eight Hundred ($4,800.00) Dollars, with interest thereon at the rate of six (6%) per centum per annum, evidenced by one (1) certain negotiable promissory note of even date herewith

[illegible]

KNOW ALL MEN BY THESE PRESENTS, THAT WHEREAS, the United States of America has acquired and presently holds fee simple title to approximately 1.5 acres of land in the City of Norfolk, Norfolk County, Virginia, pursuant to a declaration of taking filed on November 2, 1942, in the United States District Court for the Eastern District of Virginia, Norfolk Division, in the case entitled "United States of America v. 1.5 acres of land, more or less, in the City of Norfolk, Commonwealth of Virginia, and the Atlantic Coast Line Railroad Company, et al., Misc. No. 6798"; said land being acquired for the establishment of boat landing for use in connection with water transportation between the Portsmouth Navy Yard and the City of Norfolk, Virginia; and

WHEREAS, with respect to such lands, the United States does not desire to accept any of the jurisdiction and powers ceded by Sections 19, 19a, or 19b of the Code of Virginia, but desires to acquire exclusive jurisdiction over the same; and

WHEREAS, under the provisions of the Code of Virginia, as amended by the Act of the General Assembly of Virginia approved April 1, 1940 (Section 19-c of the Code of Virginia), the Governor and Attorney General of the Commonwealth of Virginia, upon application made to them in writing on behalf of the United States of America for that purpose, are authorized on the part of the Commonwealth to cede to the United States of America jurisdiction over such lands; and

WHEREAS, application has been made in writing on behalf of the United States of America for such cession:

NOW THEREFORE, WE, Colgate W. Darden, Jr., and Abram P. Staples, as Governor and Attorney General, respectively, of the Commonwealth of Virginia, in the name and on behalf of the Commonwealth of Virginia, in accordance with the provisions of the aforesaid act of April 1, 1940, do hereby cede unto the United States of America exclusive jurisdiction over the aforementioned land, which is more fully and particularly described as follows:

> All that certain land situated in the City of Norfolk, Norfolk County, Commonwealth of Virginia, bounded and described as follows:
>
> Beginning at the intersection of the north line of Bute Street extended and the Port Wardens line; thence in a northwesterly direction along the Port Wardens line 209.8 feet to the south line of York Street; thence in an easterly direction along the south line of York Street 281.3 feet to the west line of property now or formerly owned by the City of Norfolk; thence at right angles south along the west line of property now or formerly owned by the City of Norfolk 103 feet; thence at right angles east and parallel with Bute Street 92 feet; thence at right angles south 103 feet to the north line of Bute Street; thence in a westerly direction along the north line of Bute Street extended to the point of beginning, containing 1.5 acres, more or less.

PROVIDED, That the Commonwealth of Virginia shall retain jurisdiction concurrent with the United States of America, so

B

283

far that all process, civil and criminal issuing under the authority of the Commonwealth may be executed by the proper officers thereof upon any person amenable to the same within the limits of the above-described tract of land, and provided further, that in the event the said lands or any part thereof shall be sold or leased to any private individual, or any association or corporation, under the terms of which sale or lease the vendee or lessee shall have the right to conduct thereon any private industry or business, then the jurisdiction ceded to the United States over any such land so sold or leased shall cease and determine, and thereafter the Commonwealth of Virginia shall have all jurisdiction or power it would have had if no jurisdiction or power had been ceded to the United States of America. This provision, however, shall not apply to post exchanges, officers' clubs, and similar activities on said land.

Pursuant to and in accordance with the provisions of Section 355 of the Revised Statutes of the United States, as amended by the Act of Congress approved October 9, 1940 (54 Stat. 1083), James Forrestal, Acting Secretary of the Navy, on behalf of the United States of America, does hereby accept the jurisdiction hereinabove ceded to the United States of America, as evidenced by his execution and acknowledgment of this instrument.

IN TESTIMONY WHEREOF, pursuant to the authority conferred upon them by Section 19-c of the Virginia Code (Acts 1940, page 761), Colgate W. Darden, Jr., Governor of the Commonwealth of Virginia, and Abram P. Staples, Attorney General of said Commonwealth, have hereunto set their hands and caused the seal of the Commonwealth of Virginia to be affixed and attested by the Secretary of the Commonwealth, and the said James Forrestal, Acting Secretary of the Navy, pursuant to authority conferred by Section 355 of the Revised Statutes of the United States, as amended by the Act of Congress approved October 9, 1940 (54 Stat. 1083), has hereunto set his hand and the Seal of the Navy Department, this 12th day of July, 1943.

Colgate W. Darden Jr.
Governor of Virginia

Abram P. Staples
Attorney General for Virginia

Attest [signature]
Secretary of the Commonwealth

James Forrestal
Acting Secretary of the Navy

COMMONWEALTH OF VIRGINIA) TO-WIT
CITY OF RICHMOND )

I, Laura H. Allen a Notary Public in and for the City of Richmond, in the Commonwealth of Virginia, do hereby certify that Colgate W. Darden, Jr., and Abram P. Staples, whose names are signed to the foregoing writing bearing date of July 12, 1943, as Governor and Attorney General, respectively, of the Commonwealth of Virginia, have acknowledged the same before me in the City of Richmond.

Given under my hand this 12th day of July, 1943.

Laura H. Allen
Notary Public

My Commission Expires Feb. 17, 1947

UNITED STATES OF AMERICA)
) SS
DISTRICT OF COLUMBIA )

I, Earl L. Keeler, a Notary Public in and for the District of Columbia, do hereby certify that James Forrestal whose name is signed to the foregoing writing bearing date on the 12th day of July, 1943, as Acting Secretary of the Navy, acknowledged the same before me in the District of Columbia.

Given under my hand this 22nd day of July, 1943.

Earl L. Keeler
Notary Public
My commission expires July 31, 1946.

4

*VIRGINIA:*

*In the Clerk's Office of the Corporation Court of the City of Norfolk, on the 5th day of February 1944 at 9:30 A.M.*

*This Deed was this day received and upon certificate of acknowledgment, thereto annexed, admitted to record.*

CLERK

*TESTE: W. L. PRIEUR, Jr., Clerk*
*By Margaret [illegible] D. C.*

3/8/07

#####################

THIS DEED, made this 1st day of February, 1944, between Roland B. McCoy and Annie B. McCoy, his wife, parties of the first part; and Harry Allen and Nettie M. Allen, husband and wife, parties of the second part.

WITNESSETH, that for and in consideration of the sum of Ten Dollars ($10.00) and other good and valuable considerations, the receipt whereof is hereby acknowledged, the said parties of the first part do hereby grant and convey with general warranty, unto the said parties of the second part, as joint tenants with right of survivorship as at common law, the following property, to-wit:

TESTE: William ... By: Bertha B. ...

DB295/495

COMMONWEALTH OF VIRGINIA

TO ( DEED OF CESSION 436

UNITED STATES OF AMERICA

DEED OF CESSION

KNOW ALL MEN BY THESE PRESENTS, THAT WHEREAS, the United States of America has acquired and presently holds fee simple title to approximately 68.8 acres of land in Princess Anne County, Virginia, by deed from W. F. Hudgins, et al, the said land having been acquired under authority of the Act of Congress approved October 9, 1940, (Public Law No. 812, 54 Stat. 1046, 76th Congress, 3rd Session) for the establishment of a Coast Guard Radio Station; and

WHEREAS, with respect to such lands the United States does not desire to accept ... of the jurisdiction and powers ceded by Sections 19, 19a, or 19b of the Code of Virginia, but desires to acquire exclusive jurisdiction over the same; and

WHEREAS, under the provisions of the Code of Virginia, as amended by the Act of the General Assembly of Virginia approved April 1, 1940 (Section 19-c of the Code of Virginia), the Governor and Attorney General of the Commonwealth of Virginia, upon application made to them in writing on behalf of the United States of America ... are authorized on the part of the Commonwealth to cede to the ... America jurisdiction over such lands; and

... application has been made in writing on behalf of the United ... such cession;

... WE, Colgate W. Darden, Jr., and Abram P. Staples, as ... General, respectively, of the Commonwealth of Virginia, in the ... of the Commonwealth of Virginia, in accordance with the provisions ... April 1, 1940, do hereby cede unto the United States of ... jurisdiction over the aforementioned land, which is more fully and ... as follows:

... certain tract, piece or parcel of land, with the improvements ... thereto belonging, situate, lying and being in Sea... Princess Anne County, Virginia, fronting on the Oceana ... part of the Cooper tract, and being that portion which ... public road to Oceana, more particularly bounded and ... to-wit:

... a marked sweet gum in the edge of the right of way of the ... the intersection of the edge of the right of way of said ... the property of Coleman, and from said point ... North ... degrees ... minutes West 2099.4 feet to a ... 604.1 feet to a square iron pin ... 4 feet West of ...

C

degrees 07 minutes West 1261.8 feet to a round iron pin, [illegible] 72 degrees [illegible] minutes East 3350.13 feet to a tack stake in the [illegible] of way of the public road to Oceana, thence along the edge of the right of way of the public road to Oceana, in [illegible] a Southerly direction to the marked sweet gum, the point of beginning, the said tract of land containing 68.8 acres."

PROVIDED, That the Commonwealth of Virginia shall retain jurisdiction concurrent with the United States of America, so far that all process, civil and criminal issuing under the authority of the Commonwealth may be executed by the proper officers thereof upon any person amenable to the same within the limits of the above-described tract of land, and provided further, that in the event the said lands or any part thereof shall be sold or leased to any private individual, or any association or corporation, under the terms of which sale or lease the vendee or lessee shall have the right to conduct thereon any private industry or business, then the jurisdiction ceded to the United States over any such land so sold or leased shall cease and determine, and thereafter the Commonwealth of Virginia shall have all jurisdiction or power it would have had if no jurisdiction or power had been ceded to the United States of America. This provision, however, shall not apply to post exchanges, officers' clubs, and similar activities on said land.

Pursuant to and in accordance with the provisions of Section 355 of the Revised Statutes of the United States, as amended by the Act of Congress approved October 9, 1940 (54 Stat. 1083), [illegible] Acting Secretary of the Navy, on behalf of the United States of America, [illegible] the jurisdiction hereinabove ceded to the United States of America, as evidenced by his execution and acknowledgment of this instrument.

IN TESTIMONY WHEREOF, pursuant to the authority conferred upon them by Section 19-c of the Virginia Code (Acts 1940, page 761), Colgate W. Darden, Jr., Governor of the Commonwealth of Virginia, and Abram P. Staples, Attorney General of said Commonwealth, have hereunto set their hands and caused the seal of the Commonwealth of Virginia to be affixed and attested by the Secretary of the Commonwealth, and the said James Forrestal, Acting Secretary of the Navy, pursuant to the authority conferred by Section 355 of the Revised Statutes of the United States, as amended by the Act of Congress Approved October 9, 1940 (54 Stat. 1083), has hereunto set his hand and seal of the Navy Department, this 2nd day of September, 1943.

Colgate W. Darden, Jr.
Governor of Virginia

Abram P. Staples
Attorney General of Virginia

James Forrestal
Acting Secretary of the Navy

COMMONWEALTH SEAL AFFIXED

Attest:

R. E. Wilkins
Secretary of the Commonwealth

COMMONWEALTH OF VIRGINIA)
) TO-WIT
CITY OF RICHMOND )

I, [illegible] H. Allen, a Notary Public in and for the City of Richm[illegible]

and for the City of Richmond, in the Commonwealth of Virginia, do hereby certify that Colgate W. Darden, Jr., and Abram P. Staples, whose names are signed to the foregoing writing bearing date of September 2, 1943, as Governor and Attorney General respectively, of the Commonwealth of Virginia, have acknowledged the same before me in the City of Richmond.

Given under my hand this 7th day of September, 1943.

Laura H. Allen

Notary Public

[illegible] Commission Expires Feb. 17, 1947.

[illegible]

[illegible] OF AMERICA }
} SS
[illegible] }

[illegible] L. Keeler, a Notary Public in and for the District of Columbia, [illegible] that James Forrestal whose name is signed to the foregoing writing [illegible] the 2nd day of September, 1943, as Acting Secretary of the Navy, has [illegible] same before me in the District of Columbia.

[illegible] under my hand this 6th day of December, 194[illegible].

Earle L. Keeler

Notary Public

[illegible] Commission expires July 31, 1946

[illegible]

[illegible] Clerk's Office of the Circuit Court of Princess Anne County on the [illegible], 1944 at 1:36 P. M., this deed with plat was received and upon the [illegible] acknowledgment thereto annexed, admitted to record.

TESTE: WILLIAM F. HUDGINS, CLERK

By: Bertha B. Eaton, Deputy Clerk

- - - - - - - - - -

221

[illegible] & S. TAX $ .12 437

[illegible] made this the 15th day of February, 1944, between Hilda A. [illegible] the first part, and Austin E. Battaglia, party of the second [illegible]

[illegible] That whereas, the said parties have become divorced a mensa [illegible] entered in the Circuit Court of Princess Anne County, Virginia,

[illegible] said Austin E. Battaglia has by deed of even date herewith [illegible] Hilda A. Battaglia all of his right, title and interest in and [illegible] Forty-eight (48) and Forty-Nine (49), in Block Number Four (4) [illegible] East Ocean View, Plat "A", Section 1, which said plat is [illegible] Office of the Circuit Court of [illegible] and

[illegible] A TRUE COPY
[illegible] CUSTODY
[illegible] CLERK
CIRCUIT COURT, VIRGINIA BEACH, VA
BY [signature]
DEPUTY CLERK

[illegible] of the aforedescribed property [illegible] said party of the second part; that the said party of the second [illegible] quiet and peaceable possession of the same, free from all encumbrances, and that they, the said parties of the first part will execute such further assurances of the said land as may be requisite, and have done no act to encumber the same.

WITNESS the following signatures and seals:

Helen C. Owen (SEAL)

Benton H. Owen (SEAL)

STATE OF VIRGINIA

COUNTY OF NORFOLK, to-wit:

I, Henry A. Hedly, a Notary Public for the County aforesaid in the State of Virginia, whose notarial commission expires on the 5th day of October, 1947, do certify that Helen C. Owens and Benton H. Owens, her husband, whose names are signed to the foregoing writing bearing date the 31st day of January, 1944 have acknowledged the same before me in my County aforesaid!

Given under my hand this 31st day of January, 1944.

Henry A. Hedly

Notary Public

($7.15 U. S. Int. Rev. Stamps Affixed)

VIRGINIA:

In the Clerk's Office of the Circuit Court of Princess Anne County on the 2nd day of February, 1944 at 2:23 P. M., this deed was received and upon the certificate of acknowledgment thereto annexed, admitted to record.

TESTE: WILLIAM F. HUDGINS, CLERK

By: H. H. [illegible], Deputy Clerk

EX. & DEL. 2/9/44

COMMONWEALTH OF VIRGINIA

TO ( DEED OF CESSION

UNITED STATES OF AMERICA

BK 221/185

For Plat See Map Book 15 Page 41

KNOW ALL MEN BY THESE PRESENTS, THAT WHEREAS, the United States has acquired by condemnation and now holds the hereinafter described lands within the limits of the Commonwealth of Virginia for use in connection with Hollies Beach Station, Harbor Defenses of Chesapeake Bay; and

WHEREAS, with respect to such lands, the United States does not desire to accept any of the jurisdiction and powers ceded by sections 19, 19a, or 19b of the Code of Virginia, but desires to acquire exclusive jurisdiction over the same; and

WHEREAS, under the provisions of the Code of Virginia as amended by the Act of the General Assembly of Virginia, approved April 1, 1940 (Acts of Assembly, 1940, c. 422, p. 762), the Governor and Attorney General of the Commonwealth of Virginia, upon application made to them in writing on behalf of the United States for that purpose, are authorized on the part of the Commonwealth to cede to the United States [illegible]; and

D

321/86

WHEREAS, application has been made in writing on behalf of the United States of America for such cession;

NOW, THEREFORE, WE, Colgate W. Darden, Jr., and Abram P. Staples, as Governor and Attorney General, respectively, of the Commonwealth of Virginia, in the name of and on behalf of the Commonwealth of Virginia, and in accordance with the laws of said Commonwealth, do hereby cede unto the United States of America exclusive jurisdiction over those tracts of land in the County of Princess Anne, State of Virginia, and more particularly described as follows:

TRACT I

Lot 139 in plat of Hollies in Virginia Beach, Princess Anne County, Virginia, containing .17 acres, more or less.

TRACT II

Lot 163 in plat of Hollies in Virginia Beach, Princess Anne County, Virginia containing .17 acres, more or less.

PROVIDED, that the Commonwealth of Virginia shall retain jurisdiction concurrent with the United States, so far that all process, civil and criminal, issuing under the authority of the Commonwealth, may be executed by the proper officers thereof upon any person amenable to the same within the limits of the above described tracts of land, and provided further, in the event that the said lands or any part thereof shall be sold or leased to any private individual, or any association or corporation, under the terms of which sale or lease the vendee or lessee shall have the right to conduct thereon any private industry or business, then the jurisdiction ceded to the Untied States over any such lands so sold or leased shall cease and determine, and thereafter the Commonwealth of Virginia shall have all jurisdiction and power she would have had if no jurisdiction or power had been ceded to the United States. This provision, however, shall not apply to post exchanges, officers' clubs, and similar activities on said lands.

Pursuant to and in accordance with the provisions of section 355 of the revised Statutes of the United States, as amended, Henry L. Stimson, Secretary of War, on behalf of the United States of America, does hereby accept the jurisdiction hereinabove ceded to the United States as is evidenced by his execution and acknowledgment of this instrument.

IN TESTIMONY WHEREOF, pursuant to the authority conferred upon them by said section 19c of the Code of Virginia, Colgate W. Darden, Jr., Governor of the Commonwealth of Virginia, and Abram P. Staples, Attorney General of said Commonwealth have hereunto set their hands and caused the lesser seal of the commonwealth of Virginia to be affixed hereunto and attested by the Secretary of the Commonwealth, and the said Henry L. Stimson, Secretary of War of the United States, pursuant to authority conferred by section 355 of the Revised Statutes of the United States, as amended, has hereunto set his hand and seal, this 30th day of December, 1943.

Colgate W. Darden, Jr.
Governor of Virginia

COMMONWEALTH SEAL

Abram P. Staples
Attorney General of Virginia

R. E. Wilkins
Secretary of Commonwealth

UNITED STATES SEAL

Henry L. Stimson
Secretary of War of the United States.

BK 221/87

COMMONWEALTH OF VIRGINIA,

CITY OF RICHMOND, TO-WIT

I, Laura H. Allen, a Notary Public in and for the City of Richmond, in the Commonwealth of Virginia, do hereby certify that Colgate W. Darden, Jr., and Abram P. Staples whose names are signed to the foregoing writing bearing date on the 30th day of December, 1943, as Governor and Attorney General, respectively, of the Commonwealth of Virginia, have acknowledged the same before me in my city aforesaid.

Given under my hand this 30th day of December, 1943.

Laura H. Allen

Notary Public

My commission expires February 17, 1947

NOTARIAL SEAL

UNITED STATES OF AMERICA

DISTRICT OF COLUMBIA, ss

I, Edward L. Davis, a Notary Public in and for the District of Columbia, do hereby certify that Henry L. Stimson, whose name is signed to the foregoing writing bearing date on the 30th day of December 1943, as Secretary of War of the United States has acknowledged the same before me in my District aforesaid.

Given under my hand this 18th day of January 1944.

Edward L. Davis

Notary Public

My commission expires July 14, 1946

NOTARIAL SEAL

VIRGINIA:

In the Clerk's Office of the Circuit Court of Princess Anne County on the 2nd day of February, 1944 at 2:56 P. M., this deed with Plat was received and upon the certificate of acknowledgment thereto annexed, admitted to record.

TESTE: WILLIAM F. HUDGINS, CLERK

By: R. H. West, Deputy Clerk

EX. & DEL.
5/24/44

CERTIFIED TO BE A TRUE COPY OF RECORD IN MY CUSTODY
CIRCUIT COURT, VIRGINIA BEACH, VA
CLERK
BY DEPUTY CLERK

MUTUAL FEDERAL SAVINGS AND LOAN ASSOCIATION OF NORFOLK

TO ( DEED OF B. & S. TAX $ .60 17

ELIZABETH MARSHALL MAY

THIS DEED, made this 26th day of January, 1944, between Mutual Federal Savings and Loan Association of Norfolk, a corporation duly chartered, organized and existing under the laws of the United States, with its principal office in the City of Norfolk, State of Virginia, formerly the Mutual Building Association of Norfolk, [illegible] party of the first part; and Elizabeth Marshall May, party of the second

[illegible] of the sum of Five Hundred

[illegible]

214

terms of which sale or lease the vendee or leases shall have the right to conduct thereon any private industry or business, then the jurisdiction ceded to the United States over any such land so sold or leased shall cease and determine, and thereafter the Commonwealth of Virginia shall have all jurisdiction and power she would have had if no jurisdiction or power had been ceded to the United States. This provision, however, shall not apply to post exchanges, officers' clubs, and similar activities on said land.

Pursuant to and in accordance with the provisions of section 355 of the Revised Statutes of the United States, as amended, Robert P. Patterson acting Secretary of War, on behalf of the United States of America, does hereby accept the jurisdiction herein aboveceded to the United States as is evidenced by his execution and acknowledgment of this instrument.

IN TESTIMONY WHEREOF, pursuant to the authority conferred upon them by said section 19c of the Code of Virginia, Colgate W. Darden, Jr., Governor of the Commonwealth of Virginia, and Abram P. Staples Attorney General of said Commonwealth, have hereunto set their hands and caused the lesser seal of the Commonwealth of Virginia to be affixed hereunto and attested by the Secretary of the Commonwealth, and the said Robert P. Patterson Acting, Secretary of War of the United States, pursuant to authority conferred by section 355 of the Revised Statutes of the United States, as amended, has hereunto set his hand and seal this 5th day of August, 1942.

STATE SEAL

ATTEST:
R. E. Wilkins,
Secretary of the Commonwealth.

Colgate W. Darden, Jr., Governor of Virginia

Abram P. Staples, Attorney General of Virginia.

Robert P. Patterson
ACTING Secretary of War of the United States

COMMONWEALTH OF VIRGINIA, )
) TO-WIT:
CITY OF RICHMOND )

I, Martha B. K. Jones, a Notary Public in and for the City of Richmond, in the Commonwealth of Virginia, do hereby certify that Colgate W. Darden Jr., and Abram P. Staples whose names are signed to the foregoing writing bearing date on the 5th day of August, 1942, as Governor and Attorney General, respectively, of the Commonwealth of Virginia, have acknowledged the same before me in my city aforesaid.

Given under my hand this 5th day of August, 1942.

NOTARIAL SEAL Martha B. K. Jones, Notary Public.

I was Commissioned Martha Burges Kello

My commission expires MY COMMISSION EXPIRES MARCH 16, 1946.

UNITED STATES OF AMERICA, )
ss
DISTRICT OF COLUMBIA )

I, Anna C. Lanigan, a Notary Public in and for the District of Columbia, do hereby certify that Robert P. Patterson whose name is signed to the foregoing writing bearing date on the 5th day of August, 1942, as Acting Secretary of War of the United States, has acknowledged the same before me in my District aforesaid.

Given under my hand this 28th day of September, 1942.

NOTARIAL SEAL Anna C. Lanigan, Notary Public.

My commission expires June 15, 1946.

VIRGINIA:

In the Clerk's Office of the Circuit Court of Princess Anna County on the [illegible] day of Oct., 1942 at 1:31 P. M., this deed was received and upon the certificate of acknowledgment thereto annexed, admitted to record.

TESTE: WILLIAM F. HUDGINS, CLERK.

BY: Bertha B. Eaton, Deputy Clerk.

EX. & DEL'
12-3-[illegible]

TESTE: A TRUE COPY
[illegible] CUSTODY
[illegible] SINNEN, CLERK
CIRCUIT COURT, VIRGINIA BEACH, VA
BY
DEPUTY CLERK

E

217

34'

[illegible] VIRGINIA

[illegible] SESSION 1780

[illegible] AMERICA

[illegible] THESE PRESENTS, THAT WHEREAS, the United States has acquired [illegible] holds the hereinafter described land within the limits of the [illegible] as the site of a military reservation, unofficially designated

[illegible] respect such land, the United States does not desire to accept [illegible] tion and powers ceded by sections 19, 19a, or 19b of the Code [illegible] sires to acquire exclusive jurisdiction over the same; and [illegible] the provisions of the Code of Virginia as amended by the Act [illegible] sembly of Virginia approved April, 1, 1940 (Acts of Assembly, 1940, [illegible] the Governor and Attorney General of the Commonwealth of Virginia, [illegible] made to them in writing on behalf of the United States for that pur- [illegible] ized on the part of the Commonwealth to cede to the United States [illegible] such land; and

[illegible] application has been made in writing on behalf of the United States [illegible] such cession,

[illegible] FORE, WE, Colgate W. Darden, Jr., and Abram P. Staples, as Governor [illegible] General respectively, of the Commonwealth of Virginia, in the name [illegible] of the Commonwealth of Virginia, and in accordance with the laws [illegible] monwealth, do hereby cede unto the United States of America exclusive [illegible] over that parcel of land comprising the site of a military reservation, [illegible] designated as Little Island, situate at Little Island, Princess Anne [illegible] nia, and more particularly described as follows:

[illegible] at a point on the southerly boundary of property of the U. S. Coast [illegible] No. 164, said point designated 1 on map attached hereto and made a [illegible] description, and which point is situated south 32 degrees 40 minutes east, [illegible] nty-two and six-tenths feet (172.6'), more or less, from the south- [illegible] of the main station house; thence, north 85 degrees 40 minutes east, [illegible] twenty-eight and one-tenth feet (128.1') along the line dividing the land [illegible] United States of America and the lands claimed by the Sandbridge Club [illegible] tion to a point designated as 2 on said map; thence, south 16 degrees 58 min- [illegible], three hundred twenty-one and nine-tenths feet (321.9') to a point designated [illegible] said map; thence, south 73 degrees 02 minutes west, one hundred twenty-five [illegible] to a point designated as 4 on said map; thence north 16 degrees 58 [illegible] west, three hundred fifty feet (350.0') to a point designated as 1 on said [illegible] point of beginning, containing 0.96 acre, more or less.

[illegible] Being the same land acquired by the United States by declaration of taking dated [illegible], in the condemnation proceeding entitled United States of America v. 0.96 [illegible] land, more or less, situated in Princess Anne County, State of Virginia and [illegible] Corporation et al. (Miscellaneous No. 6677), filed June 19, 1941, in [illegible] Court of the United States for the Eastern District of Virginia, Norfolk [illegible]

[illegible], that the Commonwealth of Virginia shall retain jurisdiction concurrent [illegible] States, so far that all process, civil and criminal issuing under the [illegible] Commonwealth may be executed by the proper officers thereof upon [illegible] the same within the limits of the above described parcel of [illegible], in the event that the said land or any part thereof shall be [illegible] individual, or any association or corporation, under the

COMMONWEALTH OF VIRGINIA, TO-wit:
CITY OF RICHMOND

I, Martha B. K. Jones, a Notary Public in and for the City of Richmond, in the Commonwealth of Virginia, do hereby certify that Colgate W. Darden, Jr., [illegible] ram P. Staples, whose names are signed to the foregoing writing bearing date on the 29th day of October, 1942, as Governor and Attorney General, respectively, of Commonwealth of Virginia, have acknowledged the same before me in my City aforesaid.

Given under my hand this 29th day of October, 1942.

NOTARIAL SEAL Martha B. K. Jones, Notary Public.
I was Com. Martha Burges Kello

My commission expires My Commission Expires March 16, 1946.

UNITED STATES OF AMERICA, SS
CISTRICT OF COLUMBIA

I, Edward L. Davis, a Notary Public in and for the District of Columbia, do hereby certify that Henry L. Stimson, whose name is signed to the foregoing writing bearing date on the 6th day of Nov., 1942, as Secretary of War of the United States, has acknowledged the same before me in my District aforesaid.

Given under my hand this [illegible] day of Nov., 1942.

NOTARIAL SEAL Edward L. Davis, Notary Public.

My Commission expires [illegible]

VIRGINIA:

In the Clerk's Office of the Circuit Court of Princess Anne County on the 16th day of Nov., 1942 at 1:23 P. M., this deed was received and upon the certificate of acknowledgment thereto annexed, admitted to record.

TESTE: WILLIAM F. HUDGINS, CLERK.
BY: Bertha B. Eaton, Deputy Clerk.

MYRTLE H. SMITH, ET VIR
TO ( DEED OF B. & S. TAX $2.52 2100
JACQUE B. BROCKENBROUGH

THIS DEED, Made this 5th day of November, 1942, by and between Myrtle H. Smith and H. Garrett Smith, her husband, of the Town of Virginia Beach, Virginia, parties of the first part, and Jacque B. Brockenbrough, of Suffolk, Virginia, party of the second part.

WITNESSETH: THAT, IN CONSIDERATION OF the sum of Ten Dollars and other good and valuable considerations, the receipt whereof is hereby acknowledged, the said Myrtle H. Smith and H. Garrett Smith do grant and convey, with general warranty unto the said Jacque B. Brockenbrough the following described property, situate in Lynnhaven Magisterial District, in the County of Princess Anne, Virginia, and more particularly described as follows, to-wit:

Lots Five (5) and Six (6), in Block One (1), [illegible]

CERTIFIED TO BE A TRUE COPY OF RECORD IN MY CUSTODY
TINA E. SINNEN, CLERK
CIRCUIT COURT, VIRGINIA BEACH, VA
BY [signature]
DEPUTY CLERK

F

[illegible] Commonwealth, do hereby cede unto the United States of America exclusive jur- [illegible] that parcel of land comprising the site of a military reservation, [illegible] designated as Chesapeake Beach, situate in Princess Anne County, [illegible] more particularly described as follows:

[illegible] that certain piece or parcel of land known as Block twenty one (21), [illegible] Beach Park, situated at Chesapeake Beach, Kempsville Magisterial District, [illegible] County, State of Virginia, being more particularly described as follows: [illegible] ing at a point marked with a concrete monument on the northeast corner [illegible] one (21) and the southwest inter-section of Bayview Avenue [illegible] and proceeding thence in a northwesterly direction along the South [illegible] Avenue three hundred eighty (380') feet to a concrete monument, [illegible] degrees in a southerly direction thirty seven (37') feet more [illegible] water mark in Chubb Lake, or to the boundary line of the property [illegible] in Chubb Lake, thence Meandering along the low water line or [illegible] City of Norfolk in Chubb Lake, in a easterly direction to the [illegible] view Avenue, thence in a northeasterly direction along said [illegible] thirty (30') feet more or less, to a concrete monument, [illegible] containing 0.75 acres, more or less.

[illegible] Commonwealth of Virginia shall retain jurisdiction [illegible] States, so far that all process, civil and criminal, [illegible] of the Commonwealth may be executed by the proper [illegible] person amenable to the same within the limits of the above [illegible] and provided further, in the event that the said land or [illegible] sold or leased to any private individual, or any association [illegible] terms of which sale or lease the vendee or lessee shall [illegible] any private industry or business, then the juris- [illegible] States over any such land so sold or leased shall [illegible] Commonwealth of Virginia shall have all [illegible] and power she would have had if no jurisdiction or power have [illegible] to the United States. This provision, however, shall not apply to post [illegible] officers' clubs, and similar activities on said land.

[illegible] suant to and in accordance with the provisions of section 355 of the [illegible] Statutes of the United States, as amended, Henry L. Stimson, Secretary of War, [illegible] the United States of America, does hereby accept the jurisdiction here- [illegible] to the United States as is evidenced by his execution and acknowledg- [illegible] instrument.

[illegible] TESTIMONY WHEREOF, pursuant to the authority conferred upon them by section [illegible] Code of Virginia, Colgate W. Darden, Jr., Governor of the Commonwealth [illegible] and Abram P. Staples, Attorney General of said Commonwealth, have here- [illegible] hands and caused the lesser seal of the Commonwealth of Virginia to [illegible] and attested by the Secretary of the Commonwealth, and the said [illegible] Secretary of War of the United States pursuant to authority confer- [illegible] the Revised Statutes of the United States, as amended, has [illegible] and seal, this 6th day of Nov., 1942.

[illegible] SEAL
ATTEST:
[illegible]
Secretary of the Commonwealth

Colgate W. Darden, Jr.
Governor of Virginia

Abram P. Staples,
Attorney General of Virginia

Henry L. Stimson (SEAL)
Secretary of War of the United S[illegible]

Given under my hand this 29th day of October, 1942.

NOTARIAL SEAL

Martha B. K. Jones,
Notary Public

I was comm. Martha Burges Kello

My commission expires

M Commission Expires March 16, 1946.

UNITED STATES OF AMERICA,
SS
DISTRICT OF COLUMBIA

I, Edward L. Davis, a Notary Public in and for the District of Columbia, do hereby certify that Henry L. Stimson, whose name is signed to the foregoing writing bearing date on the 5th day of Nov., 1942, as Secretary of War of the United States, has acknowledged the same before me in my District aforesaid.

Given under my hand this 6th day of Nov., 1942.

NOTARIAL SEAL

Edward L. Davis, Notary Public.

My commission expires 7/ 14/46

VIRGINIA:

IN the Clerk's Office of the Circuit Court of Princess Anne County on the 16th day of Nov., 1942 at 1:[illegible] [illegible] received and upon the certificate of acknowledgment thereto annexed, admitted to record.

TESTE: WILLIAM F. [illegible], CLERK.
BY: Bertha B. [illegible], Deputy Clerk.

[illegible] DEL [illegible]
1/20/43

COMMONWEALTH OF VIRGINIA
TO ( DEED OF CESSION 2097
UNITED STATES OF AMERICA

KNOW ALL MEN BY THESE PRESENTS, THAT WHEREAS, the United States has acquired by condemnation and now holds the hereinafter described land within the limits of the Commonwealth of Virginia as the site of a military reservation, unofficially designated as Chesapeake Beach; and

WHEREAS, with respect to such land, the United States does not desire to accept any of the jurisdiction and powers ceded by sections 19, 19a, or 19b of the Code of Virginia, but desires to acquire exclusive jurisdiction over the same; and

WHEREAS, under the provisions of the Code of Virginia as amended by the Act of the General Assembly of Virginia approved April, 1, 1940 (Acts of Assembly, 1940, c. 422, p. 761), the Governor and Attorney General of the Commonwealth of Virginia upon application made to them in writing on behalf of the United States for that purpose, are authorized on the part of the Commonwealth to cede to the United States jurisdiction over such land; and

WHEREAS, application has been made in writing on behalf of the United States of America for such cession,

NOW, THEREFORE, WE, Colgate W. Darden, Jr., and Abram P. Staples, as Governor and Attorney General respectively, of the Commonwealth of Virginia, in the name of and on behalf [illegible] in accordance with the laws

[illegible]ation, unofficially designated as Sand Bridge, situate in Princess Anne County, [illegible] and more particularly described as follows:

[illegible]NING at a 3/4" iron pipe, located one thousand three hundred ninety-seven [illegible] (1397.1) feet on a course North 28 degrees West from a U. S. Coast [illegible] Survey concrete monument marked "Reference Mark/No. 1", near or on the [illegible] of Sand Bridge Road, South 20 degrees East true bearing four hundred [illegible] (414) ft to a 3/4" iron pipe, thence South 70 degrees West true bear- [illegible] ten feet (210 ft.) to a 3/4" iron pipe, thence North 20 degrees West [illegible] four hundred fourteen feet (414 ft.) to a 3/4" iron pipe, thence North [illegible] true bearing two hundred ten feet (210 ft.) to a 3/4" iron pipe on [illegible] corner of the piece or parcel of land to the point of beginning, [illegible] acres of land, more or less.

[illegible] that the Commonwealth of Virginia shall retain jurisdiction concurrent [illegible] States, so far that all process, civil and criminal, issuing under [illegible] Commonwealth may be executed by the proper officers thereof [illegible] able to the same within the limits of the above described parcel [illegible] further, in the event that the said land or any part thereof [illegible] to any private individual, or any association or corporation [illegible] sale or lease the vendee or lessee shall have the right to [illegible] industry or business, then the jurisdiction ceded to the [illegible] land so sold or leased shall cease and determine, and [illegible] wealth of Virginia shall have all jurisdiction and power she [illegible] jurisdiction or power had been ceded to the United States. [illegible] however, shall not apply to post exchanges, officers' clubs, [illegible] on said land.

[illegible] in accordance with the provisions of section 355 of the Revised [illegible] the United States, as amended, Henry L. Stimson, Secretary of War, on [illegible] United States of America, does hereby accept the jurisdiction here- [illegible] to the United States as is evidenced by his execution and acknowledgment [illegible]

[illegible] pursuant to the authority conferred upon them by [illegible] the [illegible] Virginia, Colgate W. Darden, Jr., Governor of the [illegible] of Virginia, and Abram P. Staples, Attorney General of said Commonwealth, [illegible] set their hands and caused the lesser seal of the Commonwealth of [illegible] affixed hereunto and attested by the Secretary of the Commonwealth, [illegible] Henry L. Stimson, Secretary of War of the United States, pursuant to [illegible] conferred by section 355 of the Revised Statutes of the United States as [illegible] hereunto set his hand and seal, this 6th day of Nov., 1942.

[illegible] SEAL

Colgate W. Darden, Jr.
Governor of Virginia

Abram P. Staples
Attorney General of Virginia

[illegible] the Commonwealth.

Henry L. Stimson (SEAL)
Secretary of War of the United States

[illegible] TO-WIT:

[illegible], a Notary Public in and for the City of Richmond, in the [illegible] do hereby certify that Colgate W. Darden, Jr., and Abram P. [illegible] signed to the foregoing writing bearing date on the [illegible] as Governor and Attorney [illegible] of [illegible] in my city [illegible]

Given under my hand this 29th day of October, 1942.

NOTARIAL SEAL Martha B. K. Jones, Notary Public.

I was Com - Martha Burges Kello

My commission expires My Commission Expires March 16, 1946.

UNITED STATES OF AMERICA,
S S
DISTRICT OF COLUMBIA,

I, Edward L. Davis, a Notary Public in and for the District of Columbia, do here by certify that Henry L. Stimson, whose name is signed to the foregoing writing bearing date on the 6th day of Nov., 1942, as Secretary of War of the United States, has acknowledged the same before me in my District aforesaid.

Given under my hand this 6th day of Nov., 1942.

NOTARIAL SEAL Edward L. Davis, Notary Public.

My commission expires 7/14/46

VIRGINIA:

In the Clerk's Office of the Circuit Court of Princess Anne County on the 18th day of Nov., 1942 at 1:11 P. M., this deed with plat was received and upon the certificate of acknowledgment thereto annexed, admitted to record.

TESTE: WILLIAM F. HUDGINS, CLERK.

BY: Bertha B. Eaton, Deputy Clerk.

COMMONWEALTH OF VIRGINIA
TO ( DEED OF CESSION 2096
UNITED STATES OF AMERICA

KNOW ALL MEN BY THESE PRESENTS, THAT WHEREAS, the United States has acquired by condemnation and now holds the hereinafter described land within the limits of the Commonwealth of Virginia as the site of a military reservation, unofficially desig[nated] as Sand Bridge; and

WHEREAS, with respect to such land, the United States doe not desire to accept any of the jurisdiction and powers ceded by sections 19, 19a, or 19b of the Code of Virginia, but desires to acquire exclusive jurisdiction over the same; and

WHEREAS, under the provisions of the Code of Virginia, as amended by the Act of the General Assembly of Virginia approved April 1, 1940 (Acts of Assembly, 1940, c. 422, p. 761), the Governor and Attorney General of the Commonwealth of Virginia, upon application made to them in writing on behalf of the United States for that purpose, are authorized on the part of the Commonwealth to cede to the United States jurisdiction over such land; and

WHEREAS, application has been made in writing on behalf of the United States of America for such cession,

NOW, THEREFORE, WE, Colgate W. Darden, Jr., and Abram P. Staples, as Governor and Attorney General respectively, of the Commonwealth of Virginia, in the name and on behalf of the Commonwealth of Virginia, and in accordance with the laws of said Commonwealth, do hereby cede unto the United States of America exclusive [illegible] parcel of land comprising the site of a military

a distance of 668 ft., more or less, to Point "B", which point is at the intersection of a parallel line 500 ft. southeast on a right angle from the line described as "N 23° 54' E., etc." on line "A-D", thence:

South 23° 54' West, a distance of 1379 ft., more or less, to point "C"; thence; North 66° 06' West, a distance of 500 ft., to point "D" thence North 23° 54' East, a distance of 538 ft. to the point of beginning on the southeast corner of the now existing United States Coast Guard Reservation, containing 14.5 acres more or less.

A photostatic copy of a map of this area is attached hereto and made a part hereof as Exhibit "A":

[illegible], that the Commonwealth of Virginia shall retain jurisdiction concurrent [illegible] United States, so far that all process, civil and criminal, issuing under the [illegible] of the Commonwealth may be executed by the proper officers thereof [illegible] person amenable to the same within the limits of the above described parcel [illegible] provided further, in the event that the said land or any part thereof [illegible] sold or leased to any private individual, or any association or corporation, [illegible] terms of which sale or lease the vendee or lessee shall have the right [illegible] thereon any private industry or business, then the jurisdiction ceded [illegible] States over any such land so sold or leased shall cease and determine, [illegible] the Commonwealth of Virginia shall have all jurisdiction and power [illegible] had if no jurisdiction or power had been ceded to the United States, [illegible], however, shall not apply to post exchanges, officers' clubs, and [illegible] activities on said land.

[illegible] and in accordance with the provisions of section 355 of the Revised [illegible] United States, as amended, Henry L. Stimson, Secretary of War, on [illegible] United States of America, does hereby accept the jurisdiction here- [illegible] to the United States as is evidenced by his execution and acknowledg- [illegible] instrument.

[illegible] WHEREOF, pursuant to the authority conferred upon them by section [illegible] of Virginia, Colgate W. Darden, Jr., Governor of the Commonwealth [illegible] Abram P. Staples, Attorney General of said Commonwealth, have here- [illegible] hands and caused the lesser seal of the Commonwealth of Virginia [illegible] and attested by the Secretary of the Commonwealth, and the [illegible] Secretary of War of the United States pursuant to authority [illegible] 355 of the Revised Statutes of the United States, as amended, [illegible] hand and seal, this 6th day of Nov., 1942.

Colgate W. Darden, Jr.
Governor of Virginia

[illegible] AMERICA SEAL

Abram P. Staples
Attorney General of Virginia

[illegible] Commonwealth

Henry L. Stimson (SEAL)
Secretary of War of the United States.

[illegible], TO-wit:

[illegible], a Notary Public in and for the City of Richmond, in the [illegible] do hereby certify that Colgate W. Darden, Jr., and [illegible] are signed to the foregoing writing bearing date on [illegible] as Governor and Attorney General, respectively, of [illegible], have acknowledged the same before me in my City afore- [illegible]

DB215

Given under my hand this 6th day of Nov., 1942.

NOTARIAL SEAL    Edward L. Davis, Notary Public.

My commission expires 7/14/46

VIRGINIA:

In the Clerk's Office of the Circuit Court of Princess Anne County on the 18th day of Nov., 1942 at 1:10 P. M., this deed was received and upon the certificate of acknowledgment thereto annexed, admitted to record.

TESTE: WILLIAM F. HUDGINS, CLERK.

BY: Bertha B. Eaton, Deputy Clerk.

FOR PLAT SEE MAP BOOK 14, PAGE ____

COMMONWEALTH OF VIRGINIA
TO ( DEED OF CESSION    2095
UNITED STATES OF AMERICA

KNOW ALL MEN BY THESE [illegible], the United States has acquired by condemnation, and [illegible] described land within the limits of the Commonwealth of [illegible] military reservation, unofficially designated as Little Creek; and

WHEREAS, with respect to such land, the United States does not desire to accept any of the jurisdiction and powers ceded by sections 19, 19a, or 19b of the Code of Virginia, but desires to acquire exclusive jurisdiction over the same; and

WHEREAS, under the provisions of the Code of Virginia as amended by the Act of the General Assembly of Virginia approved April 1, 1940 (Acts of Assembly, 1940, c. 422, p. 761), the Governor and Attorney General of the Commonwealth of Virginia, upon application made to them in writing on behalf of the United States for that purpose, are authorized on the part of the Commonwealth to cede to the United States jurisdiction over such land; and

WHEREAS, application has been made in writing on behalf of the United States of America for such cession.

NOW THEREFORE, WE, Colgate W. Darden, Jr., and Abram P. Staples as Governor and Attorney General respectively, of the Commonwealth of Virginia, in the name of and on behalf of the Commonwealth of Virginia, and in accordance with the laws of said Commonwealth, do hereby cede unto the United States of America exclusive jurisdiction over that parcel of land comprising the site of a military reservat[illegible] unofficially designated as Little Creek, situate in Princess Anne, County, Virgi[illegible] and more particularly described as follows:

BEGINNING at a point on the southeast corner of a certain piece or parcel o[illegible] land conveyed to the United States of America, Coast Guard Service at Little Cr[illegible] Princess Anne, County, State of Virginia by the New York, Philadelphia and Nor[illegible] Railroad Company, said deed dated May 3rd, 1935, and duly recorded in Book of Deeds 181, Page 61 in the Office of the Clerk of Circuit Court of Princess Anne [illegible] County, and proceeding thence:

[illegible] 25° 54' East, a distance of 460 ft., more or less, to point "A" on th[illegible] [illegible] Line in Little Creek, as shown on the plat; thence;

[illegible] meanderings of said Mean Low Water Line in a northeasterly [illegible]

DB215

Provided, that the Commonwealth of Virginia shall retain jurisdiction concurrent with the United States, so far that all process, civil and criminal, issuing under the authority of the Commonwealth may be executed by the proper officers thereof upon any person amenable to the same within the limits of the above described parcel of land; and provided further, in the event that the said land or any part thereof shall be sold or leased to any private individual, or any association or corporation, under the terms of which sale or lease the vendee or lessee shall have the right to conduct thereon any private industry or business, then the jurisdiction ceded to the United States over any such lands so sold or leased shall cease and determine, and thereafter the Commonwealth of Virginia shall have all jurisdiction and power she would have had if no jurisdiction or power had been ceded to the United States. This provision, however, shall not apply to post exchanges, officers' clubs, and similar activities on said lands.

Pursuant to and in accordance with the provisions of section 355 of the Revised Statutes of the United States, as amended, Henry L. Stimson, Secretary of War, on behalf of the United States of America, does hereby accept the jurisdiction hereinabove ceded to the United States as is evidenced by his execution and acknowledgment of this instrument.

IN TESTIMONY WHEREOF, pursuant to the authority conferred upon them by section 19[illegible] of the Code of Virginia, Colgate W. Darden, Jr., Governor of the Commonwealth of Virginia, and Abram P. Staples Attorney General of said Commonwealth, have hereunto set their hands and caused the lesser seal of the Commonwealth of Virginia to be affixed hereunto and attested by the Secretary of the Commonwealth, and the said Henry L. Stimson, Secretary of War of the United States, pursuant to authority conferred by section 355 of the Revised Statutes of the United States, as amended, has hereunto set his hand and seals, this 6th day of November, 1942.

Colgate W. Darden, Jr.
Governor of Virginia

COMMONWEALTH SEAL

Abram P. Staples
Attorney General of Virginia

UNITED STATES OF AMERICA SEAL

Henry L. [illegible]

[illegible] E. Williams, Secretary of [illegible]

---

COMMONWEALTH OF VIRGINIA,
SS
CITY OF RICHMOND

I, Martha B. K. Jones, a Notary Public in and for the City of Richmond, in the Commonwealth of Virginia, do hereby certify that Colgate W. Darden, Jr., and Abram P. Staples whose names are signed to the foregoing writing bearing date on the 29th day of October, 1942, as Governor and Attorney General, respectively, of the Commonwealth of Virginia, have acknowledged the same before me in my City aforesaid.

Given under my hand this 29th day of October, 1942.

NOTARIAL SEAL

Martha B. K. Jones, Notary Public.
I was Com. [illegible]

~~My Commission Expires~~ My Commission Expires March 16, 1944.

UNITED STATES OF AMERICA
SS
DISTRICT OF COLUMBIA

I, [illegible] L. Davis, a Notary Public in and for [illegible], do hereby certify that Henry L. Stimson, whose name is [illegible] writing bearing date on the 6th day of Nov., 1942, as Secretary [illegible] States, has acknowledged the same before me in my [illegible]

DB215/178

COMMONWEALTH OF VIRGINIA
TO ( DEED OF CESSION 2094
UNITED STATES OF AMERICA

KNOW ALL MEN BY THESE PRESENTS, THAT WHEREAS, the United States has acquired by condemnation and now holds the hereinafter described lands within the limits of the Commonwealth of Virginia as the site of a military reservation, unofficially designated as Virginia Beach; and

WHEREAS, with respect to such lands, the United States does not desire to accept any of the jurisdiction and powers ceded by sections 19, 19a, or 19b of the Code of Virginia, but desires to acquire exclusive jurisdiction over the same; and

WHEREAS, under the provisions of the Code of Virginia as amended by the Act of the General Assembly of Virginia approved April 1, 1940 (Acts of Assembly, 1940, c. 422, p. 761), the Governor and Attorney General of the Commonwealth of Virginia, upon application made to them in writing on behalf of the United States for that purpose, are authorized on the part of the Commonwealth to cede to the United States jurisdiction over such lands; and

WHEREAS, application has been made in writing on behalf of the United States of America for such cession.

NOW, THEREFORE, WE, Colgate W. Darden, Jr., and Abram P. Staples, as Governor and Attorney General respectively, of the Commonwealth of Virginia, in the name of and on behalf of the Commonwealth of Virginia, and in accordance with the laws of said Commonwealth, do hereby cede unto the United States of America exclusive jurisdiction over those parcels of land comprising the site of a military reservation, unofficially designated as Virginia Beach, situate in Princess Anne County, Virginia, and more particularly described as follows;

PARCEL ONE

Beginning at a point marked by a one and one-half (1½") inch iron pipe on the boundary line between the Virginia State Rifle Range Reservation and the Sunrise Development Corporation property, near the intersection of said property line and the Northwest side of the present road leading into the Virginia State Rifle Range from Rudee Heights and Virginia Beach, and running North forty six (46°) degrees East, five Hundred thirty six and eight tenths (536.8') feet to a concrete monument on the northwest corner of a tract of land now owned by the United States Government, thence ninety (90°) degrees in a Southeasterly direction across said road, a distance of two hundred fifty one (251') feet to a concrete monument on the northwest corner of the parcel of land to be acquired which is the point of beginning. Proceeding thence along a line bearing south forty four (44°) degrees East, one [illegible] feet to a concrete monument, thence north forty six (46°) degrees East, one hundred (100') feet to a concrete monument, thence north forty four (44°) degrees West, [illegible] hundred (100') feet to a concrete monument, thence south forty six (46°) degrees west, one hundred (100') feet to a concrete monument which is the point of beginning, containing 0.23 acres, more or less.

PARCEL II

All that certain lot, piece or parcel of land, known, numbered and designated as Lot 139 in plat of Hollies in Virginia Beach, Princess Anne County, Virginia, [illegible] acres, more or less.

J. G. Kulinksi (SEAL)
Theresa Kulinksi (SEAL)

STATE OF VIRGINIA,
City of Norfolk, To-wit:

I, F. E. Kellam, a Notary Public in and for the City aforesaid, in the State of Virginia, do certify that J. G. Kulinksi and Theresa Kulinksi, his wife, whose names are signed to the foregoing writing, bearing date on the 12th day of June, 1942 have each acknowledged the same before me in my City aforesaid.

My term of office expires Feb. 13-1944.

Given under my hand this 14 day of August, 1942.

F. E. Kellam, Notary Public.

VIRGINIA:

In the Clerk's Office of the Circuit Court of Princess Anne County on the 21st day of Aug., 1942 at 3:46 P. M., this deed was received and upon the certificate of ~~acknowledgment~~ thereto annexed, admitted to record.

TESTE: WILLIAM F. HUDGINS, CLERK.

BY: Bertha B. Eaton, Deputy Clerk.

EX. & DEL'D
William Kellam
Atty. Nfk. Va.
[illegible]

213/440

FOR PLAT SEE MAP BOOK 14, PAGE 10.

COMMONWEALTH OF VIRGINIA
TO ( DEED OF CESSION 1403
UNITED STATES OF AMERICA

KNOWN ALL MEN BY THESE PRESENTS, THAT WHEREAS, the United States has acquired by condemnation and now holds the hereinafter described land within the limits of the Commonwealth of Virginia as the site of a military reservation, unofficially designated as Little Island; and

WHEREAS, with respect to such land, the United States does not desire to accept any of the jurisdiction and powers ceded by sections 19, 19a, or 19b of the Code of Virginia, but desires to acquire exclusive jurisdiction over the same ; and

WHEREAS, under the provisions of the Code of Virginia as amended by the Act of the General Assembly of Virginia approved April 1, 1940 (Acts of Assembly, 1940, c. 422, p. 761), the Governor and Attorney General of the Commonwealth of Virginia, upon application made to them in writing on behalf of the United States for that purpose, are authorized on the part of the Commonwealth to cede to the United States jurisdiction over such land; and

WHEREAS, application has been made in writing on behalf of the United States of America for such cession,

NOW, THEREFORE, WE, Colgate W. Darden, Jr., and Abram P. Staples, as Governor and Attorney General respectively, of the Commonwealth of Virginia, in the name of and on behalf of the Commonwealth of Virginia, and in accordance with the laws of said Commonwealth, do hereby cede unto the United States of America exclusive jurisdiction over that parcel of land comprising the site of a military reservation, unofficially designated as Little Island, situate at Little Island, Princess Anne County,

G

[illegible]ia, and more particularly described as follows:

BEGINNING at a point on the southerly boundary of property of the U. S. Coast [illegible] Station No. 164, said point designated 1 on map attached hereto and made a part [illegible] description, and which point is situated south 22 degrees 40 minutes east, [illegible] hundred seventy-two and six-tenths feet (172.6'), more or less, from the south-[illegible] corner of the main station house; thence, north 85 degrees 40 minutes east, [illegible] hundred twenty-eight and one-tenth feet (128.1') along the line dividing the land [illegible] the United States of America and the lands claimed by the Sandbridge Club [illegible] to a point designated as 2 on said map; thence, south 16 degrees 58 min-[illegible], three hundred twenty-one and nine-tenths feet (321.9') to a point designated [illegible] said map; thence, south 73 degrees 02 minutes west, one hundred twenty-five [illegible].0') to a point designated as 4 on said map; thence north 16 degrees 58 [illegible] west, three hundred fifty feet (350.0') to a point designated as 1 on said [illegible] point of beginning, containing 0.96 acre, more or less.

Being the same land acquired by the United States by declaration of taking [illegible] June 4, 1941, in the condemnation proceeding entitled United States of America v. [illegible] acre of land, more or less, situated in Princess Anne County, State of Virginia and Sandbridge Club Corporation et al. (Miscellaneous No. 6677), filed June 19, 1941, [illegible] District Court of the United States for the Eastern District of Virginia, [illegible] Division.

PROVIDED, that the Commonwealth of Virginia shall retain jurisdiction concurrent with the United States, so far that all process civil and criminal issuing under the authority of the Commonwealth may be executed by the proper officers thereof upon any person amendbale to the same within the limits of the above described parcel of land, and provided further, in the event that the said land or any part thereof shall be sold or leased to any private individual, or any association or corporation, under the terms of which sale or lease the vendee or lessee shall have the right to conduct thereon any private industry or business, then the jurisdiction ceded to the United States over any such land so sold or leased shall cease and determine, and thereafter the Commonwealth of Virginia shall have all jurisdiction and power she would have had if no jurisdiction or power had been ceded to the United States. This provision, however, shall not apply to post exchanges, officers' clubs, and similar activities on said land.

Pursuant to and in accordance with the provisions of section 355 of the Revised Statutes of the United States, as amended, __________________ Secretary of War, on behalf of the United States of America, does hereby accept the jurisdiction herein above ceded to the United States as is evidenced by his execution and acknowledgment of this instrument.

IN TESTIMONY WHEREOF, pursuant to the authority conferred upon them by said section 19c of the Code of Virginia, Colgate W. Darden, Jr., Governor of the Commonwealth of Virginia, and Abram P. Staples, Attorney General of said Commonwealth, have hereunto set their hands and caused the lesser seal of the Commonwealth of Virginia to be affixed hereunto and attested by the Secretary of the Commonwealth, [illegible] __________________, Secretary of War of the United States, [illegible] conferred by section 355 of the Revised Statutes of the United [illegible] has hereunto set his hand and seal this 5th day of [illegible], 1942.

210/472

COMMONWEALTH OF VIRGINIA, } TO-WIT
CITY OF RICHMOND

I, Martha B. K. Jones, a Notary Public in and for the City of Richmond, in the Commonwealth of Virginia, do hereby certify that Colgate W. Darden, Jr., and Abram P. Staples whose names are signed to the foregoing writing bearing date on the 5th day of August, 1942, as Governor and Attorney General, respectively, of the Commonwealth of Virginia, have acknowledged the same before me in my city aforesaid.

Given under my hand this 5th day of August, 1942.

NOTARIAL SEAL

Martha B. K. Jones, Notary Public.
I was Commissioned Martha Burges Kello

~~My commission expires~~
My commission expires March 16, 1946

UNITED STATES OF AMERICA, } ss
DISTRICT OF COLUMBIA

I, ____________________, a Notary Public in and for the District of Columbia, do hereby certify that ______________________ whose name is signed to the foregoing writing bearing date on the ________ day of _________, 1942, as Secretary of War of the United States, has acknowledged the same before me in my District aforesaid.

Given under my hand this ____________ day of __________, 1942.

________________________ Notary Public

My Commission expires ______________________________

VIRGINIA:

In the Clerk's Office of the Circuit Court of Princess Anne County on the 22nd day of August, 1942 at 10:29 A. M. this deed with plat was received and upon the certificate of acknowledgment thereto annexed, admitted to record.

TESTE: WILLIAM F. HODGINS, CLERK.
BY: Bertha B. Eaton, Deputy Clerk.

EX. & DEL.
11-3-42

S. LEE PENDER, ET UX
TO { DEED OF B. & S. TAX $6.12 1404
BESSIE A. SPANDORFER

THIS DEED, Made this the 21st day of July, in the year 1942 between S. LEE PENDER and HELEN T. PENDER, his wife, of the City of Norfolk, Virginia, parties of the first part, and BESSIE A. SPANDORFER, of the City of Norfolk, Virginia, party of the second part.

WITNESSETH, That for and in consideration of the sum of Ten ($10.00) Dollars cash in hand paid, and other good and valuable considerations, the receipt whereof is hereby acknowledged, the said parties of the first part do hereby grant and convey with general warranty subject to the deed of trust hereinafter described unto said Bessie A. Spandorfer, party of the second part, the following property, to-wit:

All that certain site or tract of land, with the riparian rights thereunto

CERTIFIED TO BE A TRUE COPY
OF RECORD IN MY CUSTODY
TINA E. SINNEN, CLERK
CIRCUIT COURT VIRGINIA BEACH, VA
BY DEPUTY CLERK