UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  ASBESTOS PRODUCTS            LIABILITY LITIGATION (NO.VI)
                                      Civil Action No.  MDL 875

                                      EDPA Civil Action No. 2:07-cv-63839-ER
_____

This Document Relates To:
_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| **BARBARA ANNE ANDERSON,** § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:07-CV-00068-HEH |
| § | |
| **ALFA LAVAL, INC., et al.** § | |
| Defendants. § | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED PLEADING[1]**

Plaintiff, Barbara Anne Anderson, by and through undersigned counsel and pursuant to Rule 15(a) of the Federal Rules of Civil Procedure and Local Rule 7.1, hereby moves for leave to file an amended pleading, and states the following in support thereof:

1.      Plaintiff, Barbara Anderson, filed her original Complaint in the Virginia Circuit Court for the City of Richmond in October 2006.

2.      Defendants, Georgia-Pacific Corporation (hereinafter "Georgia-Pacific"), Bondex, International, Inc., RPM, Inc. RPM International, Inc., (hereinafter collectively referred to as

---

[1] Defendant Georgia-Pacific Corporation has partially consented to Plaintiff's amended pleading.  Although Plaintiff has contacted the other remaining Defendants seeking their consent to file her amended pleading, she has not yet received such consent.  Accordingly, Plaintiff proceeds with seeking leave to amend in accordance with Rule 15(a).

"Bondex") and Union Carbide Corporation, filed their answers to Plaintiff's Complaint in November 2006.

3. During Plaintiff's deposition, she testified that she was exposed to dust from joint compound products containing asbestos, manufactured and/or supplied by Defendants, while working in a number of federal office buildings located throughout Virginia.

4. Following Plaintiff's deposition, despite language contained in Plaintiff's original complaint disclaiming any cause of action for injuries caused by exposure to asbestos dust that occurred in a federal enclave, Defendant Georgia-Pacific Corporation nevertheless removed this case to Federal Court on the basis that the office buildings where Plaintiff worked (and was exposed to asbestos-containing dust from joint compound products) were located within federal enclaves.

5. Now, in light of the federal enclave disclaimer contained in Plaintiff's original state court complaint, Defendant Bondex seeks to bar Plaintiff's claims regarding her exposure to dust from Bondex asbestos-containing joint compound products on the basis that such exposure took place in the federal office buildings, which it contends are located within federal enclaves—the very reason why this case was removed to, and has since proceeded in, Federal Court.

6. For the reasons below, and as set forth in more detail in the attached Memorandum of Law in Support of Plaintiff's Motion, Plaintiff should be granted leave to amend the original complaint to remove the federal enclave disclaimer language and to otherwise conform her pleading to the evidence in this case.

7. By seeking leave to amend the original complaint to eliminate the federal enclave disclaimer, Plaintiff does not in any way concede that the office buildings where her asbestos exposure took place were located within federal enclaves, and Plaintiff has opposed Defendant

2

Bondex's motion for summary judgment filed on that basis; rather, Plaintiff seeks to eliminate any confusion caused by the inclusion of the this language in her complaint.

8. Since the removal and subsequent transfer of this case to this instant Court, Plaintiff has proceeded with her claims against Defendants—the manufacturers and/or suppliers of the asbestos and/or asbestos-containing joint compound products to which she was exposed while working in the federal office buildings that Defendants contend were located within federal enclaves.

9. Throughout the course of discovery in this matter, Defendants have actively pursued and sought to defend Plaintiff's claims regarding her exposure to asbestos occurring in those federal office buildings and, therefore, no additional discovery will be required as a result of Plaintiff's amended pleading.

10. Thus, Defendants will not be prejudiced by granting Plaintiff's motion for leave to amend, which is not based on bad faith and will neither significantly delay the resolution of the dispute nor require Defendants to expend significant additional resources.

11. The Court is respectfully referred to the attached memorandum in support of Plaintiffs' motion for a full discussion of why leave is warranted.

12. A copy of Plaintiff's amended pleading is also attached hereto.

13. In accordance with Local Rule 7.1(f), Plaintiff also respectfully requests oral argument.

WHEREFORE, based on the foregoing reasons and for those set forth more fully in the attached Memorandum of Law, Plaintiff respectfully requests that this Honorable Court GRANT this Motion for Leave to File an Amended Pleading and APPROVE the attached proposed Order.

Respectfully submitted,

**WATERS & KRAUS, LLP**

*/s/Melanie J. Garner*
Melanie J. Garner
MD Fed. Bar No.: 28120
315 N. Charles Street
Baltimore, Maryland 21201
(410) 528-1153 (telephone)
(410) 528-1006 (facsimile)

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I, undersigned counsel for Plaintiff, hereby certify that on this 10th day of June, 2009, I caused a copy of the foregoing document, and any related attachments, to be served on all remaining counsel of record via Electronic Case Filing procedures.

*/s/ Melanie J. Garner*
Melanie J. Garner