**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: ASBESTOS PRODUCTS

LIABILITY LITIGATION (NO. VI)
Civil Action No. MDL 875

EPDA Civil Action No. 07-CV-63839

This Document Relates To:

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| BARBARA ANNE ANDERSON, | : |
| *Plaintiff,* | : |
| | : |
| | : |
| vs. | : |
| | : Civil Action No. 3:07-CV-00068-HEH |
| ALFA LAVAL, INC, et al. | : |
| | : |
| *Defendants.* | : |

**GEORGIA-PACIFIC LLC, BONDEX INTERNATIONAL, INC., RPM INC., AND
RPM INTERNATIONAL INC.'S MOTION AND INCORPORATED MEMORANDUM
FOR LEAVE TO FILE A JOINT MOTION FOR SUMMARY JUDGMENT**

COME NOW Defendants Georgia-Pacific LLC, f/k/a Georgia-Pacific Corporation

("Georgia-Pacific"), Bondex International, Inc., RPM, Inc., and RPM International, Inc.

(collectively "Bondex"), by and through counsel, and move this Court for leave to file a joint

Motion for Summary Judgment in the above matter.  In support thereof, Defendants state as

follows:

**RELEVANT PROCEDURAL HISTORY**

1.      On March 20, 2009, the Honorable David R. Strawbridge entered a Scheduling

Order, which established a deadline of May 21, 2009 for dispositive motions (Doc. 9).  The

purpose of the Scheduling Order was to facilitate a settlement conference, which was set for June 16, 2009.

2.      After the dispositive motions deadline expired, on June 10, 2009, Plaintiff filed her Motion for Leave to File Amended Pleading ("Motion for Leave to Amend") (Doc. 33).

3.      Defendants filed Oppositions to Plaintiff's Motion For Leave to Amend on June 24, 2009 (Doc. 41 and Doc. 42), and Plaintiff filed a Reply Memorandum on July 6, 2009.

4.      Judge Strawbridge subsequently conducted telephonic oral argument on the Motion for Leave to Amend on July 16, 2009.  On August 5, 2009, Judge Strawbridge issued a Memorandum Opinion (Doc. 56) and an accompanying Order (Doc. 57) denying the Motion For Leave to Amend.

5.      Plaintiff has filed Objections to Magistrate Judge's Order and Memorandum Opinion of August 5, 2009 Regarding Denial of Plaintiff's Motion For Leave To Amend ("Objection") (Doc. 61).  Defendants filed Responses to the Objection (Doc. 63 and Doc. 65) on September 8, 2009.  The Objection remains pending.

6.      In her Objection, Plaintiff concedes that, "the Magistrate Judge's [decision] effectively disposes of Plaintiff's entire case." (Pl's Objection at 5) (Doc. 61).

7.      Based largely upon the ruling of Judge Strawbridge, Defendants filed today a Motion for Summary Judgment and Memorandum in Support of Motion for Summary Judgment.

8.      A trial date has not been set.  No other deadlines exist in this case.

## ARGUMENT

9.      By its terms, Rule 16(b) of the Federal Rules of Civil Procedure authorizes this Court to modify the Scheduling Order for "good cause" shown. The "good cause" standard is satisfied where the moving party demonstrates that the deadlines cannot be met despite the

diligence of the party seeking the modification.  6A Wright, Miller & Kane, Federal Practice and

Procedure: Civil 2d §1522.1 at 231 (2d ed. 1990); *see also*, Fed.R.Civ. 16, advisory cmte. note

(1983) ("[T]he court may modify the schedule on a showing of good cause if it cannot

reasonably be met despite the diligence of the party seeking the extension.")

10.     In the instant case, the Defendants filed a Motion for Summary Judgment <u>after</u>

Judge Strawbridge denied Plaintiff's Motion for Leave to Amend.  Judge Strawbridge's ruling

occurred on August 5, 2009.  By then, the deadline for filing dispositive motions had already

expired.  The Motion for Summary Judgment is based significantly upon Judge Strawbridge's

ruling.  Thus, Defendants have acted diligently by filing their joint Motion for Summary

Judgment shortly after the ruling by Judge Strawbridge.

11.     Furthermore, Plaintiff admits that "the Magistrate Judge's [decision] effectively

disposes of Plaintiff's entire case." (Pl's Objection at 5) (Doc. 61.)  As such, denial of the instant

Motion would lead to a waste of judicial resources as Plaintiff concedes that Judge Strawbridge's

ruling is "effectively" dispositive in nature.  Denial of the Motion would also lead to unnecessary

litigation costs and expenses.

12.     For the foregoing reasons, "good cause" exists to modify the Scheduling Order

for the limited purpose of authorizing Defendants to file their joint Motion for Summary

Judgment.

WHEREFORE, based on the foregoing reasons and for good cause shown, Defendants

Georgia-Pacific LLC, Bondex International, Inc., RPM, Inc. and RPM International, Inc.,

respectfully request this Honorable Court to enter an Order granting them leave to file their joint

Motion for Summary Judgment submitted this day.

Respectfully submitted,

GEORGIA-PACIFIC LLC
(f/k/a Georgia-Pacific Corporation)

By Counsel

_____/s/_____

Jeffrey S. Poretz, Esquire
Virginia State Bar No. 38529
*Counsel for Georgia-Pacific, LLC*
MILES & STOCKBRIDGE P.C.
1751 Pinnacle Drive, Suite 500
McLean, Virginia 22102
Telephone: (703) 903-9000
Facsimile: (703) 610-8686
Email: jporetz@milesstockbridge.com


_____/s/_____

Timothy S. Brunick, Esquire
Virginia State Bar No. 35783
*Counsel for Bondex International, Inc., RPM, Inc.
and RPM International, Inc* CLARKE, DOLPH,
RAPAPORT, HULL,
BRUNICK & GARRIOTT, P.L.C.
6160 Kempsville Circle, Suite 101A
Norfolk, VA 23502
Telephone: (757) 466-0464
Facsimile: (757) 466-0834
Email: tbrunick@clarkedolph.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2009, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Charles S. Siegel, Esquire
Waters & Kraus, LLP
315 North Charles Street
Baltimore, MD 21201
*Counsel for Plaintiff*

James Kennedy, Esquire
Pierce, Hems, Sloan & McLeod
Post Office Box 22437
Charleston, South Carolina 29413
*Counsel for Union Carbide Corporation*

Timothy S. Brunick, Esquire
Clark, Dolph, Rapaport, Hardy & Hull, PLC
6160 Kempsville Circle, Suite 101A
P.O. Box 13109
Norfolk, VA  23505-3109
*Counsel for Bondex International, Inc.,*
*RPM, Inc., and RPM International, Inc.*

And I hereby certify that I will mail the document by U.S. mail to the following non-filing users:

B. Scott Kruka, Esquire
Peter A. Kraus, Esquire
Waters & Kraus LLP
3219 McKinney Avenue
Dallas, Texas 75204

_____/s/_____
Jeffrey S. Poretz