UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  ASBESTOS PRODUCTS          LIABILITY LITIGATION (NO.VI)
                                                        Civil Action No.  MDL 875

                                            EDPA Civil Action No. 2:07-cv-63839-ER
_____

This Document Relates To:
_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

BARBARA ANNE ANDERSON,          §
            Plaintiff,                              §
                                                        §
v.                                                    §          Civil Action No. 3:07-CV-00068-HEH
                                                        §
ALFA LAVAL, INC., et al.                   §
            Defendants.                          §

<u>PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE
TO FILE A JOINT MOTION FOR SUMMARY JUDGMENT</u>

Plaintiff, by and through undersigned counsel and pursuant to Rule 16 of the Federal

Rules of Civil Procedure and Local Rule 7.1, hereby submits this Opposition to the Motion and

Incorporated Memorandum for Leave to File a Joint Motion for Summary Judgment filed by

Defendants Georgia-Pacific LLC, Bondex International, Inc., RPM, Inc., and RPM International,

Inc. (Doc. 66) and joined in by Defendant Union Carbide Corporation (Doc. 68) (hereinafter

collectively referred to as "Defendants' Motion for Leave"), and states as follows:

I. <u>PROCEDURAL HISTORY</u>

1.        Pursuant to the Court's Scheduling Order, any dispositive motions were required

to be filed by May 21, 2009.  (Doc. 9)

2.      On May 21, 2009, in accordance with the Court's Scheduling Order, Defendants filed numerous dispositive and pre-trial motions, including Motions in Limine Based on Virginia's Statute of Repose (Docs. 25-26, 28), a Motion to Preclude Testimony by Plaintiff's Expert Pathologist (Doc. 18), a No Evidence Motion for Summary Judgment filed by Defendant Union Carbide Corporation, and a Motion for Summary Judgment on the basis of the Federal Enclave Disclaimer contained in Plaintiff's Complaint (Doc. 22, 24).

3.      Defendants failed to file any other dispositive motions at that time, including motions for summary judgment based on other language contained (or not contained) in Plaintiff's Complaint.

4.      On June 10, 2009, Plaintiff filed a Motion for Leave to File an Amended Pleading (hereinafter "Plaintiff's Motion for Leave to Amend") to remove the Federal Enclave Disclaimer and otherwise conform her pleadings to the evidence in this case. (Doc. 33)

5.      Following briefing and oral argument by the parties, on August 5, 2009, a Memorandum Opinion was entered denying Plaintiff's Motion for Leave to Amend. (Doc. 56)

6.      Thereafter, Plaintiff timely filed Objections to the denial of her Motion for Leave to Amend pursuant to Fed. R. Civ. P. 72.  (Doc. 61)  Plaintiff's Objections remain pending.

7.      Now, while the parties await the District Judge's ruling on Plaintiff's Objections, and without any showing of good cause whatsoever, Defendants seek to modify this Court's Scheduling Order, *nunc pro tunc*, in order to file their untimely proposed Motion for Summary Judgment.  See Defendants' Motion for Leave (Doc. 66).

8.      For the reasons set forth below, Defendants' Motion for Leave must be denied.

## II. ARGUMENT

9.      Defendants have failed to show good cause why their Motion for Leave should be granted, and their proposed Motion for Summary Judgment is premature.

### A. Defendants Have Failed to Show "Good Cause" to Allow Leave to File an Untimely Motion for Summary Judgment.

10.      In support of their Motion for Leave, Defendants cite Rule 16(b) of the Federal Rules of Civil Procedure regarding the modification of Scheduling Orders.  See Defendants' Motion for Leave at p. 2, ¶9.

11.      Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

12.      According to the Advisory Committee Notes, and as acknowledged in Defendants' Motion, see Defendants' Motion for Leave at pp. 2-3, ¶9, "good cause" is shown where the schedule "cannot reasonably be met despite the diligence of the party seeking the extension."  See Fed. R. Civ. P. 16 advisory committee's notes.

13. In their thinly-veiled attempt to show good cause, Defendants claim that the denial of Plaintiff's Motion for Leave to Amend did not occur until after the deadline for filing dispositive motions and that "they have acted diligently by filing their Motion for Summary Judgment shortly after" the denial of Plaintiff's Motion for Leave to File an Amended Pleading.  See Defendants' Motion for Leave at p. 3, ¶10 (emphasis added).

14.      These contentions are unsupported and absurd.

15.      First, the Memorandum Opinion denying Plaintiff's Motion for Leave to Amend was entered on August 5, 2009.  (Doc. 56)

16.      Although Defendants state that their proposed Motion for Summary Judgment is "based significantly upon [that] ruling," see Defendants' Motion for Leave at p. 3, ¶10, they have

3

offered no explanation as to why they waited until October 9, 2009—more than two (2) months after the denial of Plaintiff's Motion for Leave to Amend—to seek leave of Court to file a Motion for Summary Judgment on the basis of that denial.

17.     Furthermore, Defendants have failed to show why they waited nearly five (5) months after the Court's May 21, 2009 deadline for filing dispositive motions to seek permission to file their current proposed Motion for Summary Judgment.

18.  Contrary to Defendants' suggestions, the basis for Defendants' current proposed motion for Summary Judgment was known, or knowable, prior to the Court's May 21, 2009 dispositive motions deadline.

19.  Significantly, Plaintiff's Complaint reads the exact same as it did <u>before</u> Plaintiff's Motion for Leave to Amend was denied, and, likewise, it reads the same as it did <u>prior</u> to the Court's May 21, 2009 deadline for filing dispositive motions.

20.     If Defendants believe they are entitled to summary judgment on the basis of language contained (or not contained) in Plaintiff's Complaint (other than the federal enclave disclaimer language for which Defendants did timely file a motion), then they should have filed a Motion for Summary Judgment on that basis by the Court's May 21, 2009 deadline, but they failed to do so.

21.     This failure not only evidences Defendants' lack of diligence and inability to show good cause to allow leave of court at this time, but it also further shows that Defendants consented to proceeding on Plaintiff's "Phase 2" claims and that Plaintiff's Motion for Leave to File an Amended Pleading, and otherwise conform her pleadings to the evidence in this case, should have been granted.

B. **Defendants' Proposed Motion for Summary Judgment is Premature.**

22.     In their Motion for Leave, Defendants concede that their proposed Motion for Summary Judgment is "based significantly upon" the denial of Plaintiffs' Motion for Leave to File an Amended Pleading.  See Defendants' Motion for Leave at p. 3, ¶10.

23.     Because the District Judge has not yet ruled on Plaintiff's timely Objections to that denial, however, Defendants' Proposed Motion for Summary Judgment is premature.

24.     To decide Defendants' proposed Motion for Summary Judgment at this time, while Plaintiff's Objections are still pending, would be a waste of judicial resources and could result in inconsistent rulings.

25.     For example, in the event the District Judge rejects the denial of Plaintiff's Motion for Leave to Amend, Defendants' instant Motion and proposed Motion would be moot.

26.    Thus, requiring Plaintiff to oppose Defendants' proposed Motion for Summary Judgment at this time could also require Plaintiff to incur needless litigation expenses.

27.     On the contrary, waiting until the District Judge rules on Plaintiff's Objections to the denial of her Motion for Leave to Amend, before further proceeding in the manner sought by Defendants, will not require the Court to waste judicial resources or the parties incur needless litigation expenses at this time.

## III. CONCLUSION

WHEREFORE, based on the foregoing reasons, Plaintiff respectfully requests that this Honorable Court DENY Defendants' Motion for Leave to File a Joint Motion for Summary Judgment and APPROVE the attached proposed Order.

Plaintiff also respectfully requests that she not be required to respond to Defendants' proposed Motion for Summary Judgment (Doc. 67) unless Defendants' Motion for Leave is

granted and until Plaintiffs' Objections pending before the District Judge are decided, in which case Plaintiff shall have fourteen (14) days from the date on which the latter of both such Orders has been entered, to file an Opposition to Defendants' proposed Motion for Summary Judgment.

Pursuant to Local Rule 7.1(f), Plaintiff further respectfully requests oral argument on this motion.

Respectfully submitted,

**WATERS & KRAUS, LLP**

*/s/Melanie J. Garner*
Melanie J. Garner
Admitted *Pro Hac Vice*
MD Fed. Bar No.: 28120
315 N. Charles Street
Baltimore, Maryland 21201
(410) 528-1153 (telephone)
(410) 528-1006 (facsimile)
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I, undersigned counsel for Plaintiff, hereby certify that on this 19th day of October, 2009, I caused a copy of the foregoing document, and any related attachments, to be served on all remaining counsel of record via Electronic Case Filing procedures.

*/s/ Melanie J. Garner*
Melanie J. Garner