IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS<br>LIABILITY LITIGATION (No. VI) | : <br> : <br> :____X | |
| This Document Relates To | : <br> : | |
| BARBARA ANNE ANDERSON | : <br> : | CIVIL ACTION NO. MDL 875 |
| Plaintiff, <br> v. | : <br> : <br> : | EDPA CIVIL ACTION NO. 07-cv-63839 |
| ALFA LAVAL, INC., et al. | : <br> : | |
| Defendants. | : <br> : | |
| (E.D. Va. # 3:07-cv-00068) | : | |

**ORDER**

**AND NOW**, this 11th day of February, 2010, upon consideration of Defendants' "Motion and Incorporated Memorandum For Leave to File a Joint Motion for Summary Judgment" (Doc. 66) ("Motion"),[1] filed on October 9, 2009, and Plaintiff's response thereto (Doc. 69), **IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.[2]

---

[1] This Motion, which was filed by Defendants Georgia Pacific LLC, Bondex International, Inc., RPM Inc., and RPM International, was joined in by Defendant Union Carbide on October 12, 2009. (Doc. 68.)

[2] The Court's Scheduling Order of March 20, 2009 provided that "dispositive motions must be filed by May 21, 2009." (Doc. 9.) Defendants seek a modification of this order "for the limited purpose of authorizing [them] to file their joint Motion for Summary Judgment." *Motion*, 10/9/2009 at 3 (Doc. 66.) Federal Rule of Civil Procedure 16(b)(4) permits modifications "only for good cause and with the judge's consent." Plaintiff asserts that Defendants have not established good cause in that their Motion comes two months after our Order and could have been filed well in advance of the Court's May 21, 2009 dispositive motions deadline. *Plaintiff's Opposition to Defendants' Motion*, 10/19/2009 (Doc. 69.) The Court disagrees and concludes

    2.      Defendants' "Motion for Summary Judgment" (Doc. 67) is deemed to be filed.

    3.      Plaintiff shall file a response within fourteen (14) days of the entry of any order of the Honorable Judge Eduardo Robreno upon the objections filed by Plaintiff to our August 5, 2009 Order, (Doc. 57).

BY THE COURT:

/s/ David R Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

that there is "good cause" to permit this late filing.

    Defendants' Motion follows upon the Court's Order of August 5, 2009, which denied Plaintiff's "Motion for Leave to File Amended Pleading." With that Motion, Plaintiff sought to amend her complaint by deleting a clearly articulated disclaimer of federal enclave exposure set out in her original pleading. *See Plaintiff's Initial Complaint* ¶ 10 ("Plaintiff disclaims any cause of action or recovery for any injuries caused by or any exposure to asbestos dust that occurred in a federal enclave."); *Plaintiff's Motion for Leave*, 6/10/2009 (Doc. 33.) We declined to permit the proposed amendment concluding that these claims would be barred by the Virginia statute of limitations. *Memorandum Opinion*, 8/5/09 at 5-12 (Doc. 56); *see Order*, 8/5/09 (Doc. 57.) Defendants claim in their proposed Motion for Summary Judgment that Plaintiff would therefore be unable to proceed with claims related to exposure in any federal enclave where Defendants' products may have been used and that Plaintiff's inability to identify any other exposures to their products warrants summary judgment. *See Defendants' Motion for Summary Judgment*, 10/9/09 at 8-9 (Doc. 66.)

    Plaintiff appears to concede this point by noting that our August 5, 2009 Order "effectively disposes of [her] entire case[,]" subject only to a ruling by the Honorable Judge Eduardo Robreno upon her objections to our Order. *Brief in Support of Plaintiff's Objections*, 8/19/2009 at 5 & n.1 (Doc. 66.) That being the case, it seems clear to us that the proper resolution of this dispute is to grant the Defendant's leave to file their motion for summary judgment. Such a resolution will promote judicial efficiency and permit a proper procedural basis to move this matter forward. At the same time, we will not require Plaintiff to respond to Defendants' Motion for Summary Judgment until after Judge Robreno rules upon her objections to our August 5, 2009 Order.