IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BARBARA ANNE ANDERSON,  :   Consolidated Under
                       :   MDL DOCKET NO 875
   Plaintiff,          :
                       :   Civil Action
   v.                  :   No. 2:07-cv-63839-ER
                       :
ALFA LAVAL, INC., ET AL., :
                       :
   Defendants.         :

# ORDER

**AND NOW**, this **9th** day of **March 2010** it is hereby

**ORDERED** that Plaintiff's Objections to Judge Strawbridge's Order (doc. no. 61), filed on August 8, 2009, are **OVERRULED**.[1]

---

[1] Plaintiff was diagnosed with pleural mesothelioma on August 16, 2006. (Pl.'s Initial Compl. ¶ 2). On Oct 26, 2006, she filed a complaint against approximately twenty defendants in Richmond, Virginia Circuit Court for asbestos exposure (Mem. Op. 3). In the complaint, Plaintiff disclaimed any causes of action based on exposures occurring on federal enclaves. Nonetheless, the complaint named Defendants responsible for Plaintiff's exposure both before she worked on a federal enclave ("Phase 1 Defendants") and after she began working on federal enclaves ("Phase 2 Defendants"). The case was subsequently removed to the United States District Court for the Eastern District of Virginia and transferred to this Court in April of 2007 as part of MDL No. 875. In June 2009, the case was referred to Magistrate Judge David R. Strawbridge for pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).

Plaintiff filed the "Motion for Leave to File Amended Pleading" at issue on June 10, 2009. (Mem. Op. 1). The basis for the motion was that Plaintiff wanted to add "Phase 2" asbestos exposure to her complaint. On August 5, 2009, following Defendants' response and oral arguments, Judge Strawbridge denied Plaintiff's motion. Based on Judge Strawbridge's ruling, Defendants have filed a Motion for Leave to File a Joint Motion for Summary Judgment, on the grounds that the Initial Complaint does not allege valid causes of action against them. Indeed, all

1

of the Phase 1 Defendants identified in Plaintiff's Initial Complaint were dismissed on January 26, 2009, and the only remaining Defendants in the case are Phase 2 Defendants. (Pl.'s Br. 2). Plaintiff filed timely objections to Judge Strawbridge's order on August 19, 2009. Defendants have responded to the objections. For the reasons set forth below, Plaintiff's objections to Judge Strawbridge's order are overruled.

(1)

Plaintiff's Initial Complaint alleged only one source of asbestos exposure: exposure that occurred when she was a child, during the years 1947-1956. (Mem. Op. 8). Plaintiff's father was employed as a pipe cover insulator at the Portsmouth Naval Shipyard, and brought home "asbestos-laden work clothes," exposing Plaintiff to asbestos dust and fibers. Id. Plaintiff has already resolved her claims with respect to these Phase 1 Defendants. This leaves only the Phase 2 Defendants. As stated above, Plaintiff's complaint disclaims all causes of action against exposure occurring on a federal enclave. Plaintiff wishes to amend her complaint to remove the disclaimer language, asserting causes of action against Phase 2 Defendants for exposure that occurred when Plaintiff was an adult, while she was a government employee in the 1960s and 1970s. (Mem. Op. 10). Plaintiff alleges that she was exposed to asbestos dust and fibers during construction in the military and government buildings in which she worked. Id.

(2)

Ruling on Plaintiff's motion to amend her complaint, Judge Strawbridge held that Plaintiff is not entitled to amend her complaint because, although the Federal Rules of Civil Procedure take a liberal stance on allowing amendments, in this case the addition of the claim against Phase 2 Defendants would be time-barred, and therefore futile.

Motions to amend a complaint are non-dispositive, and therefore only reversible by the District Court if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). However, in the instant case, the denial of the leave to amend effectively disposes of Plaintiff's claim, making it a dispositive motion. See Chase Manhattan Bank v. Iridium Africa Corp., 294 F. Supp. 2d 634, 635 (D. Del. 2003) ("[I]f the denial of the motion to amend disposes of a claim, the magistrate judge's ruling is dispositive in nature.") (internal citation omitted). Therefore, the proper standard of review in the instant case is de novo. See 28 U.S.C.

2

---

§ 636(b)(1)(A).

(3)

Plaintiff raises four objections to Judge Strawbridge's Order. First, Plaintiff argues that Judge Strawbridge "engaged in a hyper-technical application" of Rule 15, and failed to see that justice in this case requires allowing Plaintiff to amend her complaint. (Pl.'s Br. 7). Plaintiff roots her justice argument in the fact that Phase 2 Defendants have actually litigated the case with no objection. Id. at 8. Second, Plaintiff asserts that her amendments relate back under Virginia law, satisfying Rule 15(c)(1)(a). Id. at 9. Third, Plaintiff argues that, through the discovery process, Defendants were put on notice of the operative facts of Phase 2 exposure. Id. at 11. Fourth, Plaintiff asserts that the omission of Phase 2 claims from the initial complaint was not intentional or strategic, but a "misunderstanding" and "good faith lapse in judgment." Id. at 13. Plaintiff does not argue that the amendment arises out of the same conduct, transaction, or occurrence set forth in the initial complaint.

Defendants respond that, while it is true that Rule 15(a)(2) allows for leave to amend "when justice so requires," this is conceptually distinct from, and entirely irrelevant to, the requirements for relation back under Rule 15(c)(1)(B). (Defs.' Br. 5). Second, Defendants assert that Judge Strawbridge correctly determined that the Virginia law on relation back is more onerous than Rule 15(c) because, in addition to the same conduct/transaction/occurrence requirement, it also demands that (1) Plaintiff was reasonably diligent in asserting the amendment and (2) Defendants will not be substantially prejudiced by the timing of the amendment. See Va. Code. Ann. § 8.01-6.1. Third, Defendants argue that Judge Strawbridge did not base his order on whether there was notice of the facts underlying the amendment, and further that Defendants were not on notice of the claims to be included in the amendment. (Defs.' Br. 11). Fourth, Judge Strawbridge's statement that Plaintiff waived her federal enclave claims as a strategy to avoid federal court was not the basis of his determination, but was merely an observation that spoke to Plaintiff's credibility in arguing that the omissions were a result of "misunderstanding" or "good-faith lapse in judgment." Id. at 15-16.

(4)

Plaintiff's arguments are unavailing, for the reasons set forth below, and expressed in Judge Strawbridge's Memorandum Opinion. Plaintiff's first argument evinces an incorrect understanding of Rule 15, as the Third Circuit has explicitly held that the equitable considerations of Rule 15(a) and the relation back analysis of Rule 15(c) "are conceptually distinct." Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006)("[E]quitable considerations are relevant to whether leave should be granted under Rule 15(a), but do not relate to any of the enumerated conditions of Rule 15(c)")(internal citations omitted). Judge Strawbridge's Rule 15(c) analysis correctly excluded Plaintiff's appeal to equitable considerations, and focused on the requirements of the statute.

In applying 15(c)(1)(B), Judge Strawbridge correctly determined that allowing Plaintiff to amend her complaint would be futile because the Phase 2 exposure is barred by Virginia's two-year statute of limitations. While Rule 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires," a court may deny a leave to amend if the amendment is a result of "undue delay, bad faith, and futility." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006)(internal citations omitted). An amendment is "futile" if it does not cause a claim to "overcome the statute of limitations." Cowell v. Palmer Township, 263 F.3d 286, 296 (3d Cir. 2001).

Under Virginia law, a two-year limitation period applies to Plaintiff's injuries. See Va. Code Ann. §§ 8.01-243(A) and 8.01-249(4). The parties agree that the amendment is time-barred, and therefore futile, unless the Phase 2 exposure in the Amended Complaint relates back to the Phase 1 exposure in the Initial Complaint under Fed. R. Civ. P. 15(c). (Mem. Op. 5). Under Fed. R. Civ. P. 15(c)(1)(B), an amendment relates back when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."

In the instant case, Plaintiff's proposed amendments do not relate back to the Initial Complaint, and are barred by Virginia's two-year statue of limitations. Judge Strawbridge correctly noted that the Initial Complaint and Amended Complaint differ with respect to:

**(a) Time of Exposure**

4

-----

The exposures alleged in the Initial Complaint occurred during Plaintiff's childhood, between the years 1940-1956. (Initial Compl. ¶ 1). The Amended Complaint alleges exposure during Plaintiff's adulthood "civil service career," during the "'60s and '70s." (Amended Compl. ¶ 1).

### (b) Locations of Exposure

The exposure alleged in the Initial Complaint was "household exposure" to asbestos, where the asbestos was brought into the home by her father, from his work at the Portsmouth Naval Shipyard. (Initial Compl. ¶ 2, ¶ 7). The exposure alleged in the Amended Complaint occurred "in the office buildings where she worked," none of which has been identified as the Portsmouth Naval Shipyard. (Amended Compl. ¶ 1, Mem. Op. 12).

### (c) Causation of the Injury

In the Initial Complaint, Plaintiff alleges that she was exposed to asbestos as a result of "her father's asbestos-laden work clothes" which he brought into the home. (Initial Compl. ¶ 7). The Amended Complaint alleges that she was exposed to "dust from asbestos-containing joint compound products during ongoing construction and renovation projects taking place in the office buildings where she worked." (Amended Compl. ¶ 1).

### (d) The Products at Issue

In the Initial Complaint, the asbestos-containing machinery and products were described as those used in her father's job as a "pipe cover insulator." (Initial Compl. ¶ 1). In the Amended Complaint, the source of the asbestos was "joint compound products" used in "construction materials in industrial operations." (Amended Compl. ¶ 1, ¶ 9).

Overall, Plaintiff's Phase 2 adulthood exposure does not share a "common core of operative facts" with Phase 1 childhood exposure, as required for relation back under 15(c). Mayle v. Felix, 545 U.S. 659 (2005). Plaintiff's Amended Complaint does not arise out of the same "conduct, transaction, or occurrence," as required by Rule 15(c)(1)(B). The relevant "occurrence" in an asbestos claim is the exposure, and the two complaints allege two wholly unrelated exposures. The only thing that the two complaints truly have in common is the Plaintiff herself, and the unfortunate fact that she may have been exposed to asbestos twice in her life, under unrelated circumstances. Indeed, Plaintiff's objections do not attempt to argue that the two exposures share a

5

common core of operative facts, but asks the Court to consider other factors, such as Defendants' notice, and her good-faith mistake in omitting Phase 2 from the Initial Complaint.

Plaintiff's arguments regarding Defendants' notice, and her good-faith mistake, are unavailing in light of her failure to meet the requirements of Rule 15(c)(1)(B). The Court recognizes that Phase 1 Defendants were dismissed from the case in January 26, 2009, and since that time, Phase 2 Defendants have actually litigated the case. (Pl.'s Brief 2). Phase 2 Defendants have engaged in discovery, hired experts, and filed numerous motions with the court. (Pl.'s Brief 2, 3). However, Plaintiff cites no authority to support her proposition that this amounts to a kind of implied consent by Phase 2 Defendants to allow Plaintiff to amend her complaint to include untimely claims. Additionally, the motivation for excluding Phase 2 exposure in the initial complaint was not the basis for Judge Strawbridge's motion, and is not central to this Court's analysis, either. The relevant analysis is whether, at this juncture, Plaintiff's amended complaint relates back to her initial complaint under Fed. R. Civ. P. 15(c). As set forth above, the two complaints allege factually distinct, unrelated exposures, and therefore the Amended Complaint does not relate back to the Initial Complaint. This renders the proposed amended complaint futile, because it is barred by Virginia's two-year statute of limitations. Therefore, Plaintiff's Objection to Judge Strawbridge's Denial of the Leave to Amend are overruled.

**AND IT IS SO ORDERED.**

_____
EDUARDO C. ROBREÑO, J.